IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

     Plaintiff,

v.                                                                                    2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

     Defendant.

### ORDER GRANTING SECOND MOTION
### FOR EXTENSION OF PRETRIAL DEADLINES

THIS MATTER is before the Court on Defendant's Second Motion for Extension of Pretrial Deadlines, filed November 22, 2023. (Doc. 73). Plaintiff filed a response to the Motion on December 1, 2023, and Defendant filed a reply on December 6, 2023. (Docs. 82, 88). Having considered the Motion, the record of the case, and relevant law, and having consulted with the presiding judge, the Court grants the Motion.

Defendant seeks a sixty-day extension of the parties' pretrial deadlines due to the need to schedule additional depositions, including for out-of-state witnesses. (Doc. 73) at 2-3. Defendant also notes that the parties have filed several motions to compel that are either pending or being briefed. *Id.* Plaintiff opposes the extension, arguing that Defendant has not promptly sought discovery or depositions and the additional discovery is irrelevant. (Doc. 82) at 1-2. Plaintiff asserts that the text messages Defendant seeks are irrelevant and that the depositions of Plaintiff's mother and former Saulsbury employee Adrian Donacio can be scheduled before the current close of discovery. *Id.* at 2-3, 7. Plaintiff further contends that the other depositions Defendant seeks—of Plaintiff's ex-husband and probation officer—are unnecessary and do not

outweigh the burden of pushing the discovery deadline back. *Id.* at 3-7. In its reply, Defendant explains there are other outstanding discovery issues that require extension of the pretrial deadlines, such as several additional witnesses to depose, delays in receiving witness contact information from Plaintiff, and the outstanding motions to compel. (Doc. 88) at 2-5, 7-11. Defendant also argues that the depositions of Plaintiff's ex-husband and probation officer are relevant to her claims and alleged damages. *Id.* at 5-7.

Modification of the Court's scheduling order deadlines "requires a showing of good cause and Court approval." D.N.M. LR-Civ. 16.1; *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). The parties in this case have been engaged in discovery since July 2023 and have requested one previous sixty-day extension of their pretrial deadlines. (Docs. 17, 39). The Court does not find that a second sixty-day extension is excessive or unnecessary given the outstanding discovery issues outlined by the parties in their briefing on this motion and in their motions to compel. The Court does not address the parties' disputes regarding the relevance of the requested discovery and depositions in this Order as those issues must be raised in a motion to compel or motion for protective order.

Based on the foregoing, the Court finds that Defendant has presented sufficient good cause for the extension and GRANTS Defendant's Second Motion for Extension of Pretrial Deadlines, (Doc. 73). Accordingly, the Court extends the parties' pretrial deadlines as follows:

1. Deadline for Plaintiff's expert reports: **January 26, 2024**.

2. Deadline for Defendant's expert reports: **February 26, 2024**.

3. Termination of discovery: **March 25, 2024**.

4.       Motions relating to discovery: **April 8, 2024**.

5.       All other motions due: **May 6, 2024**.

                                                      _____
                                                      THE HONORABLE KEVIN R. SWEAZEA
                                                      UNITED STATES MAGISTRATE JUDGE