IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

      Plaintiff,

v.                                              2:23-cv-00291-KG-KRS

SAULSBURY INDUSTRIES, INC.

      Defendant.

## PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

COMES NOW Plaintiff Nadeen Alsaadi, by and through Counsel, THE LAW OFFICE OF JAMISON BARKLEY, LLC (Jamison Barkley), and moves the Court to quash two subpoenas Defendant Saulsbury Industries Inc. issued for her medical records without Plaintiff's authorization for their release. See Subpoenas, attached hereto as Exhibit 1. Defendant issued the subpoenas for Plaintiff's medical records resulting from an incident in March 2022 prior to her employment where she was arrested, pled guilty to misdemeanor DWI (first), and received a conditional discharge for fleeing the scene. See Plaintiff's Answer to Defendant's Interrogatory No. 9, attached together hereto as Exhibit 2; Order on Plea of Guilty, Order Granting Pretrial Diversion, and Judgment & Sentence, attached together hereto as Exhibit 3. Defendant issued subpoenas for Plaintiff's medical records to two entities that appear to have been involved in Plaintiff's processing and adjudication for the incident. See Subpoenas, attached hereto as Exhibit 1. Defendants do not have a release from Plaintiff, the medical and mental health

information requested is private, is not relevant, and Plaintiff has not been convicted of a crime punishable by imprisonment in excess of one year or involving dishonesty or a false statement. See FED. R. EVID. 609. The Court should QUASH the subpoenas and enter an order protecting her from disclosure of her medical records and the medical/legal records pertaining to the March 2022 incident.

**RELEVANT BACKGROUND**

This case presents a quid pro quo sexual harassment claim under Title VII and a race, ancestral, and ethnic discrimination claim under Section 1981. Defendant's Senior Project Manager Anthony Hammons moved Plaintiff from her position in the field as a welder's helper to work inside his office as a purported administrative assistant though she did not have any job responsibilities and was never actually transferred from the welder's helper position. Mr. Hammons made Plaintiff's employment contingent on her submission to his sexual advances. When Plaintiff declined to ride with Mr. Hammons in his car to pick up lunch on June 29, 2022, Mr. Hammons told her to "get the F off the property" and fired her on the spot. The next day, Mr. Hammons came to Plaintiff's apartment, offered her job back, called her a "cunt," and told her she had a "sexy ass."

**ARGUMENT & AUTHORITIES**

**THE COURT SHOULD QUASH THE SUBPOENAS BECAUSE THE INFORMATION LACKS RELEVANCE AND IS OUTSIDE THE SCOPE OF FED. R. CIV. P. 26(b)(1)**

The Court should quash the subpoenas. The information requested is not relevant because Plaintiff is not alleging any bodily, physical, medical, or diagnosed injury. Plaintiff is only seeking emotional distress. Plaintiff has not pled that she had any diagnosable physical or mental condition as a result of Defendant's conduct. Plaintiff has not put her physical or mental medical condition at issue. Plaintiff is not using any medical records or medical provider

testimony to support her claims.

In her Second Amended Complaint (Doc. 29), ¶ 61, Plaintiff alleges emotional distress. In her Initial Disclosures, Plaintiff expressly stated that "[t]here is no issue as to Plaintiff's physical or mental medical condition; she is seeking garden variety emotional distress damages." Plaintiff's Initial Disclosures, attached hereto as Exhibit 4. See D.N.M.LR-Civ. 26.3(d). After an inquiry by defense counsel, 6/29/23 Jeong Email, attached hereto as Exhibit 5, Plaintiff supplemented her Rule 26 disclosures on July 11, 2023 and confirmed "Plaintiff has not put her physical or mental medical condition at issue. Plaintiff is not using any medical records or medical provider testimony to support her claims." Plaintiff's First Supplemental Initial Disclosures, attached hereto as Exhibit 6; D.N.M.LR-Civ. 26.3(d).

Defendant made multiple discovery requests for Plaintiff's medical information, and on September 8, 2023 Plaintiff objected to each one as follows:

> **INTERROGATORY NO. 10:** Please identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition which you claim was caused or aggravated by Defendant as a result of Defendant's alleged improper conduct as set forth in the Complaint.
>
> **RESPONSE:** Plaintiff objects to the request for medical because it is not relevant to the claims and defenses in this lawsuit. FED. R. CIV. P. 26(b)(1). Plaintiff has not pled that she had any diagnosable physical or mental condition as a result of Defendant's conduct. Plaintiff has not put her physical or mental medical condition at issue. Plaintiff is not using any medical records or medical provider testimony to support her claims. Plaintiff is seeking garden variety emotional distress damages.
>
> **INTERROGATORY NO. 11:** Please identify (with company, address, and telephone number) any and all health care practitioners, including, but not limited to, physicians, physical therapists, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind, who has tested for, diagnosed or treated the illness(es) and/or conditions identified in your Answer to Interrogatory No. 10.
>
> **RESPONSE:** See Plaintiff's Answer to Interrogatory No. 10. Without waiving

3

this objection, none.

**INTERROGATORY NO. 12:** Please identify (with company, address, and telephone number) any and all hospitals, medical clinics, doctors, psychiatrists, psychologists, counselors, or other medical and/or mental healthcare providers from whom you have sought or received treatment that forms the basis of your claim that you have suffered emotional distress as a result of the subject incident of this lawsuit.

**RESPONSE:** See Plaintiff's Answer to Interrogatory No. 10. Without waiving this objection, none.

**REQUEST FOR PRODUCTION NO. 12:** All of your medical records, including but not limited to, chiropractic and psychological records, from two years prior to your employment with Defendant to the present.

**RESPONSE:** Plaintiff objects to the request for medical records because any records are not relevant to the claims and defenses in this lawsuit and the burden outweighs the likely benefit. See FED. R. CIV. P. 26(b)(1). Plaintiff has not pled that she had any diagnosable physical or mental condition as a result of Defendant's conduct. Plaintiff has not put her physical or mental medical condition at issue. Plaintiff is not using any medical records or medical provider testimony to support her claims. Plaintiff is seeking garden variety emotional distress damages.

**REQUEST FOR PRODUCTION NO. 13:** All documents reflecting, concerning or evidencing medical and psychological bills from two years prior to your employment with Defendant to the present.

**RESPONSE:** See Plaintiff's Response to RFP No. 12.

**REQUEST FOR PRODUCTION NO. 14:** All documents regarding insurance coverage you have or had and/or benefits you have received from 2020 to the present for any medical or healthcare costs and expenses.

**RESPONSE:** See Plaintiff's Response to RFP No. 12.

See Plaintiff's Answers to First Interrogatories, Plaintiff's Responses to First Requests for Production, attached together hereto as Exhibit 2. Defendant attempted to obtain a release of Plaintiff's medical records on September 21, 2023 and again on October 11, 2023. See Jeong 9/21/23 and 10/11/23 Emails, attached hereto as Exhibit 7. Plaintiff declined to provide the release both times.

On December 9, 2023, in response to Defendant's Second Interrogatories, Plaintiff reiterated her objection to providing her medical records:

> **INTERROGATORY NO. 17:** Please identify (with company, address, and telephone number) any and all hospitals, medical clinics, doctors, psychiatrists, psychologists, counselors, or other medical and/or mental healthcare providers from whom you have sought or received treatment from two years prior to the start of your employment with Defendant to present.
>
> **RESPONSE:** See Plaintiff's Response to Defendant's RFP Nos. 12-13. Plaintiff objects to the request because it is not relevant to the claims and defenses in this lawsuit. FED. R. CIV. P. 26(b)(1). Plaintiff has not pled that she had any diagnosable physical or mental condition as a result of Defendant's conduct. Plaintiff has not put her physical or mental medical condition at issue. Plaintiff is not using any medical records or medical provider testimony to support her claims. Plaintiff is seeking garden variety emotional distress damages.

See Plaintiff's Answers to Second Interrogatories, attached hereto as Exhibit 8.

Plaintiff objected to the provision of her medical and mental health records and declined to execute a release. Defendant did not present the issue for the Court to determine. Instead, in complete disregard of Plaintiff's privacy, on January 4, 2024, without any prior discussion, pro hac defense counsel Ms. Yijee Jeong issued two subpoenas for Plaintiff's medical records from two Kentucky entities that appear to have had a role in Plaintiff's adjudication of the March 2022 incident. See Subpoenas, attached hereto as Exhibit 1. Defendant issued the subpoenas without having obtained Plaintiff's prior written consent for release of her records. Defendant issued a subpoena to Western State Hospital in Kentucky and an organization called Lifeskills, also in Kentucky.

The documents requested are extensive:

> "office visits, emergency room, hospital, inpatient and outpatient charts, x-ray films, diagnostic and laboratory notes and/or reports and results,"
>
> "any and all documents reflecting medical history and treatment plans…."

5

> "any and all documents relating tp any physical or mental impairment or disability suffered by [Plaintiff]"
>
> "medical/psychological/psychiatric history, psychotherapy…."
>
> "[p]rescription records and orders" and
>
> "[b]illing and accounting records"

See Subpoenas, attached hereto as Exhibit 1. Defendant purports to subpoena materials going back ten years to January 2014, though the facts of this case took place in 2022. It is clear from the face of the subpoenas that the information requested bares scant connection to the facts of this case.

Western State Hospital and Lifeskills were entities involved in processing and adjudicating Plaintiff for a separate case she had arising from an incident in Kentucky in March 2022 before her employment at Defendant Saulsbury. In January 2023, Plaintiff entered a guilty plea to fleeing or evading police and DWI (first) as a result of the incident. See Order on Plea of Guilty, attached hereto as Exhibit 3. The DWI was a misdemeanor. See Judgment & Sentence, attached hereto as Exhibit 3. Plaintiff was given a conditional discharge for the fleeing or evading charge wherein she was sentenced to a period of pretrial diversion, with one year to be supervised. See Order Granting Pretrial Diversion, attached hereto as Exhibit 3. If Plaintiff successfully completes the pretrial diversion program, the fleeing or evading charge will be dismissed and she can have it expunged. See id. at 3. Plaintiff is eligible for early discharge from supervision. See id.

Plaintiff respectfully requests the court quash the subpoena because the information requested lacks relevance and falls outside the scope of FED. R. CIV. P. 26(b)(1). The medical and legal information from the March 2022 arrest and adjudication is not relevant to any party's claim or defense. See Order on Plea of Guilty, attached hereto as Exhibit 3. The medical and

6

legal information from the March 2022 arrest and adjudication is not proportional to the needs of the case considering the abject lack of importance of the discovery to the issues or to resolving the issues. See Order on Plea of Guilty, attached hereto as Exhibit 3; FED. R. CIV. P. 26(b)(1).

If the Court determines the information is relevant, any marginal relevance is outweighed by Plaintiff's interest in privacy and the psychotherapist-patient privilege. See, e.g., Douglas v. Dobbs, 419 F.3d 1097, 1102 (10th Cir. 2005) ("[T]here is a constitutional right to privacy that protects an individual from the disclosure of information concerning a person's health."); Herring v. Keenan, 218 F.3d 1171, 1175 (10th Cir. 2000) ("This circuit . . . has repeatedly interpreted the Supreme Court's decision in *Whalen v. Roe*, [429 U.S. 589 (1977),] as creating a right to privacy in the non-disclosure of personal information."); see also Jaffee v. Redmond, 518 U.S. 1, 10 (1996) (recognizing a psychotherapist-patient privilege protecting confidential communications between a patient and her mental healthcare providers under federal common law). The burden, embarrassment, and intrusion of Plaintiff's privacy far outweighs any speculative or vague connection to the facts at issue. See FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]").

This case is unlike Wright v. Martinez. See Wright v. Martinez, No. 2:18-CV-01126-WJ-KRS, 2019 WL 4932849, at *2 (D.N.M. Oct. 7, 2019). In Wright, this Court determined that the plaintiff had waived the psychotherapist-patient privilege when he alleged bodily and psychological injury (pain and suffering and anxiety) from a false arrest. See Wright, 2019 WL 4932849, at *1-2. The Court determined that there was insufficient information to ascertain the extent and duration of the anxiety and the extent to which it interfered with his work and physical life, and therefore whether the injuries alleged were garden variety. See id. at *3. Over

Plaintiff's objection, the Court ordered him to withdraw his objection and provide his medical history going back five years, a medical records release, and records of treatment for injuries caused by or exacerbated by the wrongful arrest. See id. at *2-3.

Here, Plaintiff does not allege any physical injury. Where Wright concerned a battery, this is an employment discrimination case. The injuries are not physical, they are mental. The nature of Plaintiff's injuries is such that they are not likely to be made more or less likely by medical or legal/medical records. Plaintiff did not seek any mental health treatment. Also, unlike in Wright, Plaintiff is not refusing to produce records relating to treatment for injury caused by or exacerbated by the incident. But see Wright, at *2. There are no such records. While it appeared from Wright that there was the possibility of unproduced records or information, that is not the case here. Plaintiff is unequivocal that she is not alleging any diagnosable physical or mental condition as a result of Defendant's conduct. Plaintiff is not alleging a physical, psychological, or mental injury, or any exacerbation thereof.

Plaintiff's deposition testimony demonstrates her damages are ordinary and not medical in nature. Plaintiff testified about anxiety, becoming fearful of other people, and emotional pain. See Alsaadi Dep., attached hereto as Exhibit 9, 269:9-12. Plaintiff testified that she did not obtain treatment and was not diagnosed. See Alsaadi Dep., attached hereto as Exhibit 9, 269:15-24, 270:6-11. Plaintiff testified she stayed up a lot, was always thinking, and had bad dreams. See Alsaadi Dep., attached hereto as Exhibit 9, 270:12-24. She was distracted and not focused and sometimes did not go out with friends. See Alsaadi Dep., attached hereto as Exhibit 9, 274:10-18. Plaintiff gave deposition testimony that the anxiety caused her to miss work in the job she had after she got terminated from Saulsbury, she didn't get treatment because she thought it would go away, and she is now less anxious. See Alsaadi Dep., attached hereto as Exhibit 9,

8

273:7-19.

Neither is this case like Castillo v. Villa. See Castillo v. Villa, No. CV 15-344 SCY/KK, 2016 WL 10592207, at *6 (D.N.M. Jan. 22, 2016). In Castillo, this Court determined that a plaintiff had waived privilege by alleging "extreme emotional distress" as that was beyond garden variety emotional distress. See Castillo, 2016 WL 10592207, at *7. Here, as noted above, Plaintiff only alleges emotional distress, not extreme emotional distress. See Second Amended Complaint (Doc. 29), ¶ 61.

The Castillo Court's additional reasoning was based in the plaintiff's theory of liability, which was that the defendant landlords had wrongfully deprived the plaintiff tenant of housing and erroneously claimed she owed them backrent which prevented her from obtaining subsidized housing and therefore reuniting with her child. See Castillo, 2016 WL 10592207, at *1. The Castillo Court determined that, under the particular facts of the case, the plaintiff had placed her mental health records at issue by essentially arguing that the only barrier to her reuniting with her child was her lack of stable housing, not any mental health issue. See Castillo, 2016 WL 10592207, at *7. Plaintiff's theory in the case at bar is comparatively much more simple: Mr. Hammons' sexual harassment and Saulsbury's complicity in the sexual harassment caused her "the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized; the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel given the defendant's conduct." See Wright, 2019 WL 4932849, at *3 (internal quotation marks and cited authority omitted); Castillo, 2016 WL 10592207, at *7. The allegations, issues, and theories herein distinguish this case from Wright and Castillo. See Wright, 2019 WL 4932849; Castillo, 2016 WL 10592207.

9

**THE COURT SHOULD QUASH THE SUBPOENAS BECAUSE PLAINTIFF HAS NOT BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT IN EXCESS OF ONE YEAR OR INVOLVING DISHONESTY OR FRAUD**

In addition to the records containing Plaintiff's private medical information, they pertain only to a misdemeanor and a conditional discharge. See Order on Plea of Guilty, attached hereto as Exhibit 3; Order Granting Pretrial Diversion, attached hereto as Exhibit 3. The records are not relevant because Plaintiff has not been convicted of a crime punishable by death or imprisonment in excess of one year, nor has she been convicted of a crime involving dishonesty or a false statement. See Fed. R. Evid. 609. The DWI is a misdemeanor. See Judgment & Sentence, attached hereto as Ex. 3. Plaintiff will have the fleeing or evading charge dismissed and expunged once she successfully completes the pretrial diversion program. See Order Granting Pretrial Diversion, attached hereto as Exhibit 3. Plaintiff's charges are not relevant to the facts at issue and they have no probative value. See FED. R. CIV. P. 26(b)(1); FED. R. EVID. 403. Any records or information obtained from Plaintiff's processing and adjudication are of even less relevance than the facts of the misdemeanor and conditional discharge and not important whatsoever to the issues to be tried. See FED. R. CIV. P. 26(b)(1). The records Defendant seeks will not make any fact at issue more or less probable. See FED. R. EVID. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action."). The Court should quash the subpoenas and enter a protective order so the issues may be narrowed for trial.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests the Court QUASH the subpoenas and enter a motion protecting her from disclosure of her medical records and the medical/legal records pertaining to the March 2022 incident. Plaintiff has not authorized release of the records, the medical information requested is private, is not relevant, and Plaintiff

has not been convicted of a crime punishable by imprisonment in excess of one year or involving dishonesty or a false statement.

Alternatively, if the Court does not see fit to quash the subpoenas, Plaintiff respectfully requests that the Court allow plaintiff's counsel to obtain the records and present them for the Court's in camera review to determine what is discoverable and properly produced to Defendant.

Respectfully submitted:

LAW OFFICE OF JAMISON BARKLEY, LLC

By: **s/ Jamison Barkley**
316 Garfield St.
Santa Fe, NM 87501
(505) 995-9602
jamison@jamisonbarkley.com
*Plaintiff's Counsel*

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on this 9th day of January 2024, I filed the foregoing pleading electronically through the Court's CM/ECF system, which caused the following counsel of record to be served by electronic means, as more fully reflected of the Notice of Electronic filing:

**s/ Jamison Barkley**

Littler Mendelson, P.C.
Shawn Oller
Yijee Jeong (*Pro Hac Vice*)
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
(602) 474-3600
soller@littler.com
yjeong@littler.com
*Attorneys for Defendant*