IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                                                                 No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

## ORDER GRANTING MOTION TO COMPEL (Doc. 54)

THIS MATTER is before the Court on Defendant's Motion to Compel, (Doc. 54), filed October 27, 2023.  Plaintiff filed a response to the Motion to Compel on November 13, 2023, and Defendant filed a reply on November 27, 2023.  (Docs. 69, 76).  Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion to Compel.

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence.  (Doc. 29) (Second Amended Complaint).  Defendant moves to compel Plaintiff to respond to Request for Production (RFP) No. 8, which asks for Plaintiff's "federal, state, and local income tax returns from 2020 to the present."  (Doc. 54) at 2.  Plaintiff objected to the RFP on the basis that her tax returns are confidential under 26 U.S.C. § 6103(a), and that she already provided her wage information by producing her W2s.  (Doc. 69).  Defendant replies that the tax returns are protected by the Confidentiality Order in this case, and states that Plaintiff's tax returns are relevant to her claims for compensatory damages for lost wages and lost benefits.  (Doc. 76) at 1-2, 5.  Defendant contends that Plaintiff's W2s are not

sufficient to determine the extent of Plaintiff's employment or income sources. *Id.* at 2-4. Defendant further argues that Plaintiff failed to produce any tax information before 2022, and Defendant explains that information from 2020 forward is necessary to determine if Plaintiff has properly mitigated her damages. *Id.* at 4.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

The Tenth Circuit has held that tax returns are not generally discoverable except for "when the plaintiff's income is directly in issue." *Sanderson v. Winner,* 507 F.2d 477, 480 (10th Cir. 1974).  Accordingly, courts in this district have ordered production of tax returns in the possession of the taxpayer when the party's income is at issue.  *See Madrid v. Don Kelly Const., Inc.*, 2013 WL 1897826, at *10-11 (D.N.M.) ("Madrid has put his income at issue here, by asserting claims for past and future lost wages and benefits, lost income, and loss of earning capacity from the alleged discrimination; thus, his personal income tax returns are discoverable.") (citing *St. Regis Paper Co. v. United States,* 368 U.S. 208, 218-19) (1961) ("Although tax returns ... are made confidential within the government bureau, copies in the hands of the taxpayer are held subject to discovery")); *Trujillo v. Bd. of Educ. of the Alb. Pub. Sch.,* 2007 WL 1306560, at *1 (D.N.M.) (compelling production of plaintiff's tax returns where plaintiff alleged wrongful termination and sought damages for lost pay and benefits).

Here, Plaintiff seeks compensatory damages for lost wages, including both front and back pay, and lost benefits.  Therefore, Plaintiff's income is relevant and her tax returns are discoverable.  While Plaintiff argues that production of her W2s for 2022 is a sufficient response to RFP No. 8, the W2s do not show the full picture of Plaintiff's income.  Plaintiff's concerns with confidentiality can be addressed by producing the tax returns as confidential and subject to the Confidentiality Order, and by redacting any protected personal information on the documents.  Moreover, the Court finds that the requested time period (2020 to the present) is reasonable and proportional to the needs of this case.  Accordingly, the Court grants the Motion to Compel and Plaintiff shall fully respond to RFP No. 8.

Pursuant to Rule 37(a)(5), if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an

opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Plaintiff had an opportunity to respond to Defendant's request for fees since Defendant raised the issue in its Motion to Compel. In addition, the Court finds that none of the exceptions to Rule 37(a)(5) apply since Defendant attempted to confer with Plaintiff and obtain the disputed information without court action, Plaintiff's nondisclosure is not substantially justified, and no other circumstances make an award of expenses unjust. Therefore, the Court will order Plaintiff to pay Defendant's reasonable attorney's fees and expenses incurred in bringing the Motion to Compel.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel, (Doc. 54), is GRANTED. Plaintiff shall fully respond to RFP No. 8 no later than **February 9, 2024**.

IT IS FURTHER ORDERED that Defendant is awarded attorney's fees and costs incurred in bringing the Motion to Compel. Defendant shall file an affidavit itemizing its reasonable fees and expenses for the Court's consideration by **February 9, 2024**. If Plaintiff wishes to contest the reasonableness of any expenses claimed by Defendant, objections shall be due **within five (5) days** of Defendant filing the affidavit.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE