IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                              No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

## ORDER GRANTING MOTION TO COMPEL (Doc. 55)

THIS MATTER is before the Court on Plaintiff's Motion to Compel, (Doc. 55), filed October 27, 2023. Defendant filed a response to the Motion to Compel on November 13, 2023, and Plaintiff filed a reply on November 27, 2023. (Docs. 67, 80). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion to Compel.

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence. (Doc. 29) (Second Amended Complaint). Plaintiff alleges that Defendant's employee, Anthony Hammons, discriminated against her and that Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons. *Id.* at 1.

In her Motion to Compel, Plaintiff seeks full responses to Request for Production (RFP) Nos. 3-5. RFP No. 3 asks for a complete copy of Anthony Hammons' personnel file, RFP No. 4 asks for all documents "pertaining to or mentioning Anthony Hammons' employment or separation from employment in any matter," and RFP No. 5 asks for all text messages exchanged between Mr. Hammons and Plaintiff during Mr. Hammons' employment with Defendant.

(Doc. 55-1). Defendant responded with objections to RFP Nos. 3 and 4, produced responsive information to each RFP, and supplemented its production twice. (Doc. 55) at 2-3. In response to RFP No. 5, Defendant stated that no responsive documents exist and agreed to produce phone records for the work phones used by Mr. Hammons and Plaintiff. (Doc. 55-5) at 4. Plaintiff asserts in her Motion to Compel that Defendant failed to produce a termination letter or emails circulated by Mr. Hammons' superiors regarding his performance, which were referenced in the deposition by Human Resources Director Kelly Summerville. *Id.* at 3. Plaintiff also contends that Defendant failed to produce phone records for June 26, 2022 through July 4, 2022. *Id.*

Defendant states that in response to RFP No. 3, it "has disclosed Mr. Hammons' full personnel file. Mr. Hammons' personnel file does not contain any termination letter." (Doc. 67) at 2. Regarding RFP No. 4, Defendant states it has produced responsive documents such as the announcement regarding his termination and communications to Mr. Hammons regarding his benefits following termination, and that Defendant "is continuing to review and will supplement additional responsive documents upon review." *Id.* In response to RFP No. 5, Defendant states it produced all of the phone records between Mr. Hammons and Plaintiff, and the last phone calls between them were on June 25, 2022, so it does not have any relevant phone records from June 26, 2022 through July 4, 2022. *Id.* at 2-3.

Plaintiff replies that the remaining issue with Defendant's responses to RFP Nos. 3 and 4 is that Defendant objected to the requests but produced certain documents "subject to and notwithstanding [its] objections." (Doc. 80) at 1. Plaintiff states she is unable to determine if Defendant withheld any responsive documents and asks the Court to compel Defendant to clearly state whether it has any additional responsive documents. *Id.* at 2-4. Regarding RFP No. 5, Plaintiff states that Defendant has not produced Mr. Hammons' phone statements from June

27, 2022 through July 5, 2022—his termination date.  Despite Defendant's assurances that there are no calls between Mr. Hammons and Ms. Alsaadi after June 25, 2022, Plaintiff asks the Court to require Defendant to produce the remaining phone statements.  *Id.* at 5.

Rule 34 provides: "An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  Here, Defendant objected to RFP Nos. 3 and 4 as overly broad and seeking information that is irrelevant, not proportional to the needs of the case, and privileged.  (Doc. 55-1) at 2-3.  Subject to those objections, Defendants produced certain documents, but failed to state whether any responsive materials were being withheld.  *See id.*  Defendant's statement in response to Plaintiff's Motion to Compel that it has produced Mr. Hammons' full personnel file is not sufficient.  *See Strobel v. Rusch*, 2020 WL 8079786, at *4 (D.N.M.) (requiring party to "provide a sworn statement that after a diligent search, all responsive documents have been produced" because a "supplemental response to request for production, which stated that all documents had been produced, was an answer that required signature under oath by party") (internal quotations and citations omitted).  Therefore, the Court grants the Motion to Compel for RFP Nos. 3 and 4 and Defendant must supplement its responses to these RFPs to clarify whether any responsive documents were withheld on the basis of its objections.

The Court also addresses Defendant's statement in response to the Motion to Compel that it "is continuing to review and will supplement additional responsive documents upon review." (Doc. 167) at 2.  Parties are required to make a diligent search for responsive documents upon receipt of discovery requests.  *See Robinson v. City of Ark. City, Kan.*, 2012 WL 603576, at *4 (D. Kan.) ("To adequately respond to a request for production, the respondent must conduct a

reasonable search for responsive documents.  Parties, along with their employees and attorneys, have a duty to act competently, diligently, and ethically with respect to discharging discovery obligations.  This requires a joint effort to identify all employees likely to have been authors, recipients or custodians of documents responsive to the requests for production.") (internal quotations and citations omitted); *see also* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.").  Defendant's assertion that it "is continuing to review" indicates it has not completed its obligations to identify responsive information.  Accordingly, Defendant shall include in its supplemental response to RFP No. 4 a statement of what searches it has undertaken to find responsive documents and what additional "review" it intends to make.  Any additional searches must be completed no later than thirty (30) days from the entry of this Order.

  Finally, RFP No. 5 seeks information for the entire course of Mr. Hammons' employment with Defendant.  *See* (Doc. 55-1) at 3.  Therefore, Plaintiff's request that Defendant provide phone records from June 27, 2022 to the date of Mr. Hammons' termination, July 5, 2022, is reasonable.  The Court grants the Motion to Compel as to RFP No. 5.

  Pursuant to Rule 37(a)(5), if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's

fees." For an "opportunity to be heard," "[a]n actual hearing is not necessary ..., and the Court may consider the issue of expenses on written submissions." *Cardenas v. Dorel Juvenile Grp., Inc.*, 231 F.R.D. 616. 622 (D. Kan. 2005). "The 'written submission' requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Id.*; *see also N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 2017 WL 4271330, at *2, n.1 (D.N.M.). Since Plaintiff did not request fees and costs in her Motion to Compel, Defendant has not had an opportunity to be heard. The Court will allow Plaintiff to file a motion seeking reasonable costs and attorney's fees for pursuing the Motion to Compel within thirty (30) days of the entry of this Order. Failure to meet this deadline will forfeit any possible fee award. Defendant may respond to the motion and Plaintiff may file a reply in accordance with the briefing deadlines set forth in Local Rule 7.4.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, (Doc. 55), is GRANTED. Defendant shall provide supplemental responses to RFP Nos. 3-5 as set forth above no later than **February 13, 2024**. Plaintiff may file a motion seeking reasonable costs and attorney's fees for pursuing the Motion to Compel within thirty (30) days of entry of this Order.

    IT IS SO ORDERED.

                                                           KEVIN R. SWEAZEA
                                                           UNITED STATES MAGISTRATE JUDGE