IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                        No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

## ORDER DENYING MOTION TO STRIKE (Doc. 68) and GRANTING IN PART MOTION TO COMPEL (Doc. 58)

THIS MATTER is before the Court on Defendant's Second Motion to Compel, (Doc. 58), filed November 7, 2023.  Plaintiff filed a response to the Motion to Compel on November 21, 2023, and Defendant filed a reply on December 5, 2023.  (Docs. 72, 86).  Also before the Court is Plaintiff's Motion to Strike, (Doc. 68), filed November 13, 2023.  Defendant filed a response to the Motion to Strike on November 27, 2023, and Plaintiff filed a reply on December 11, 2023.  (Docs. 77, 93).  Having considered the parties' briefing, the record of the case, and relevant law, the Court denies the Motion to Strike and grants the Motion to Compel in part, as set forth below.

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence.  (Doc. 29) (Second Amended Complaint).  Plaintiff alleges that Defendant's employee, Anthony Hammons, discriminated against her and that Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons.  *Id.* at 1.

In its Motion to Compel, Defendant seeks full responses to Request for Production (RFP) Nos. 1, 4, 5, and 15.  RFP No. 1 asks for documents supporting Plaintiff's claims against Defendant; RFP No. 4 asks for documents, correspondence, and communications between Plaintiff and any current or former director, officer, agent or employee of Defendant; RFP No. 5 asks for all documents, correspondence, and communications (including recordings) between Plaintiff and Mr. Hammons; and RFP No. 15 seeks all photographs, videotapes, audiotapes, or other recordings that support Plaintiff's claims or could be used in response to any defense asserted by Defendant.  (Doc. 58-1).  Plaintiff responds that she has produced all relevant information for these requests that she has in her possession, custody, or control.  (Doc. 72) at 1-3.  In its reply, Defendant explains that due to supplemental productions and statements made by Plaintiff at her October 13, 2023 deposition, Defendant believes that Plaintiff has not produced all responsive information to these discovery requests.  (Doc. 86).  Defendant asks the Court to compel Plaintiff to serve full and complete answers to RFP Nos. 1, 4, 5, and 15, and further asks for a forensic review to confirm Plaintiff has disclosed all relevant and responsive communications in her possession.  *Id.*

The Court first addresses Plaintiff's Motion to Strike Defendant's Second Motion to Compel as untimely.  (Doc. 68).  Plaintiff argues the November 7, 2023 Motion to Compel is untimely because it was filed after the October 27, 2023 deadline set in the Court's Order Granting Joint Motion to Extend Deadline to Move to Compel Discovery.  *Id.* at 2-3; (Doc. 51). Defendant contends that its Second Motion to Compel is timely because it was filed within 21 days of Plaintiff's October 17, 2023 supplemental production to the RFPs.  (Doc. 77) at 1-2.

Local Rule 26.6 requires parties to file a motion to compel within 21 days after service of objections to a discovery request unless the response specifies that documents will be produced,

in which case a motion to compel is due within 21-days after production of the documents. D.N.M. LV-Civ. 26-6. The Court may extend this deadline for good cause. *Id.* In response to RFP Nos. 1, 4, 5, and 15, Plaintiff either produced documents or stated she did not have any responsive documents in her possession. *See* (Doc. 58-1) at 17-20. Plaintiff then continued to produce responsive documents. *See id.* at 24-25. While Plaintiff argues these supplemental productions did not "restart" the 21-day deadline to file a motion to compel, Defendant states that it had no reason to think that Plaintiff had additional responsive information until Plaintiff began making supplemental productions and testified that she had additional supplemental information. The Court agrees and finds that Plaintiff's October 17, 2023 supplemental production restarted the 21-day time period for filing a motion to compel because that production did not include text messages that Plaintiff referred to in her October 13, 2023 deposition. *See* (Doc. 86) at 5 ("[A]s Plaintiff indicated during her deposition …, Plaintiff has in her possession text messages with a former employee of Saulsbury—directly responsive to Defendant's Request for Production No. 4—that was notably not included in any of her document productions, including her latest on December 1, 2023."). Accordingly, Defendant's Second Motion to Compel is not untimely. Additionally, even if the Motion is untimely, the Court finds good cause to extend the deadline for filing a motion to compel based on Plaintiff's supplemental productions and testimony that she has additional responsive information which alerted Defendant that Plaintiff had not fully responded to the RFPs. For these reasons, the Court denies Plaintiff's Motion to Strike.

Turning to the Motion to Compel, Plaintiff states she does not have any additional communications with Mr. Hammons in her possession, custody, or control, and notes that the gap in texts from May 8, 2022 to June 13, 2022 is because Plaintiff deleted those texts so her

husband would not see them. (Doc. 72) at 2. Plaintiff further argues that Defendant has access to Mr. Hammons' work phone, so it is already in possession of those deleted messages as well as all cell phone and email records of its directors, officers, agents, or employees. *Id.* at 2-3.

As the Court explained in a previous Order in this case, parties are required to make a diligent search for responsive documents upon receipt of discovery requests. *See Robinson v. City of Ark. City, Kan.*, 2012 WL 603576, at *4 (D. Kan.) ("To adequately respond to a request for production, the respondent must conduct a reasonable search for responsive documents. Parties, along with their employees and attorneys, have a duty to act competently, diligently, and ethically with respect to discharging discovery obligations. This requires a joint effort to identify all employees likely to have been authors, recipients or custodians of documents responsive to the requests for production.") (internal quotations and citations omitted); *see also* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). Plaintiff's supplemental productions, which she made after responding that she had already produced all relevant information, indicates she may not have completed her obligations to identify responsive information. Indeed, Plaintiff stated at her deposition that she needs to "double-check one more time" whether she has disclosed all videos and text messages related to her claims. (Doc. 86-3) at 1l. Accordingly, the Court will require Plaintiff to provide supplemental responses to RFP Nos. 1, 4, 5, and 15 stating what searches she has undertaken to

find responsive information.  In addition, Plaintiff shall provide the additional text messages with Defendant's employees that she referred to in her deposition.  *See* (Doc. 86-3).

Defendant also asks Plaintiff to produce text messages in paper format instead of video format, because video recordings of the texts are difficult to review.  (Doc. 86) at 5.  The Court finds this request reasonable and will require Plaintiff to produce responsive text messages and emails in paper format if possible.  However, Defendant's request in its reply brief for a forensic review of Plaintiff's phone is not properly before the Court because Plaintiff did not have an opportunity to respond to the request.  *See* (Doc. 86) at 6.  The Court denies this request without prejudice, and notes that Defendant has also made this request in its Fourth Motion to Compel, (Doc. 103), which the Court will address in due course.  Finally, because the Court grants Defendant's Second Motion to Compel in part, the Court does not award Defendant its requested attorney's fees and costs.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike, (Doc. 68), is DENIED and Defendant's Second Motion to Compel, (Doc. 58), is GRANTED in part.  Plaintiff shall provide supplemental responses to RFP Nos. 1, 4, 5, and 15 as set forth above no later than **February 16, 2024**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE