**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NADEEN ALSAADI,

     Plaintiff,

v.                                     No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

     Defendant.

**<u>ORDER GRANTING IN PART DEFENDANT'S
THIRD MOTION TO COMPEL (Doc. 92)</u>**

THIS MATTER is before the Court on Defendant's Third Motion to Compel, (Doc. 92), filed December 8, 2023.  Plaintiff filed a response to the Motion to Compel on December 27, 2023, and Defendant filed a reply on January 10, 2024.  (Docs. 102, 106).  Having considered the parties' briefing, the record of the case, and relevant law, the Court grants Defendant's Third Motion to Compel in part.

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence.  (Doc. 29) (Second Amended Complaint).  Plaintiff alleges that Defendant's employee, Anthony Hammons, discriminated against her and that Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons.  *Id.* at 1.

Defendant moves to compel Plaintiff to fully respond to Defendant's Second Set of Request for Production (RFP) Nos. 20 and 21.  RFP No. 20 asks Plaintiff to produce:

          All non-privileged communications including but not limited to
          text messages, emails, instant messages, letters, etc. exchanged

with anyone during your employment with Defendant from
April 20, 2022 to June 29, 2022.  This would include but is not
limited to text messages to and from your parents, your husband,
Saulsbury employees, and non-Saulsbury employees.

(Doc. 92) at 18.  RFP No. 21 asks Plaintiff to produce:

All non-privileged communications including but not limited to
text messages, emails, instant messages, letters, etc., from the end
of your employment with Defendant on June 29, 2022 to the
present, to and from your parents, your husband, Saulsbury
employees, and non-Saulsbury employees regarding your
relationship with Anthony Hammons and/or any alleged
discrimination, harassment, retaliation, or workplace hostility
while employed with Defendant.

*Id.* at 19.  Plaintiff objected to RFP No. 20 on the basis that it seeks irrelevant information and is

disproportional to the needs of the case.  *Id.* at 18-19.  She further stated she "has previously

produced all communications in her possession, custody, or control relevant to this case."  *Id.* at

19.  Plaintiff objected to RFP No. 21 to the extent the request seeks documents protected by

attorney work product or attorney-client privilege, and stated she "has no documents other than

what has previously been disclosed in this case."  *Id.*

In its Motion to Compel, Defendant states that because Plaintiff's counsel was unable to

answer how many people Plaintiff texted during her employment with Defendant, the total

number of text message at issue, or what privacy issues were implicated, Defendant suspects that

Plaintiff's counsel did not review the text messages.  (Doc. 72) at 2.  Instead, Defendant states

that "it appears Plaintiff's counsel had Plaintiff review and pull the communications she decided

were responsive and relevant."  *Id.*  Defendant further states that Plaintiff's counsel indicated she

would follow up regarding additional searches for certain key words, but she has not done so.  *Id.*

at 2-3.

2

In response to the Motion to Compel, Plaintiff maintains that RFP No. 20 is overly broad and seeks irrelevant information.  (Doc. 102) at 1-2.  Regarding RFP No. 21, Plaintiff states she has produced all responsive documents in her custody, possession, or control "other than those documents produced at the request of counsel, otherwise protected by attorney work product, or exchanged with counsel."  *Id.* at 3.

In reply, Defendant argues that all of Plaintiff's communications during the time she worked for Defendant are relevant because they can demonstrate whether or not Plaintiff was communicating with friends and family about her allegations of sexual harassment.  (Doc. 106) at 3-4.  Defendant further contends that Plaintiff failed to identify which communications, if any, were withheld on the basis of attorney-client privilege or another asserted privilege.  *Id.* at 4.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative

3

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair. *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

RFP No. 20 seeks all of Plaintiff's communications "exchanged with anyone during [her] employment with Defendant." (Doc. 92) at 3. It is not limited in any way to the claims or defenses in this case. While Defendant argues that these communications can be used to help the jury evaluate Plaintiff's claims, Defendant fails to explain why it needs all of Plaintiff's communications instead of communications relating to Plaintiff's claims. Plaintiff states she has produced all communications relevant to the claims in this case, and the Court finds that is sufficient. Defendant's request for all communications during this time period is overly broad and the Court denies the Motion to Compel as to RFP No. 20.

In response to RFP No. 21 Plaintiff objected on the basis of work product and attorney-client privilege and stated that she has no responsive documents other than what she previously disclosed. (Doc. 92) at 19. Rule 34 provides: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Similarly, Rule 26(b)(5)(A) requires a party who withholds privileged information that is otherwise discoverable to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Since it is unclear whether Plaintiff withheld responsive documents on the basis of her objections, the Court grants the

4

Motion to Compel as to RFP No. 21 and will require Plaintiff to clarify wither she has withheld responsive documents and describe them in accordance with Rule 26(b)(5)(A).  Defendant also contends Plaintiff did not conduct a proper search for relevant and responsive documents, and Plaintiff did not dispute Defendant's assertion that Plaintiff's counsel had Plaintiff herself review and pull communications that she decided were responsive and relevant.  *See* (Doc. 92) at 2.  As the Court has explained in other Orders in this case, parties are required to make a diligent search for responsive documents upon receipt of discovery requests.  *See Robinson v. City of Ark. City, Kan.*, 2012 WL 603576, at *4 (D. Kan.) ("To adequately respond to a request for production, the respondent must conduct a reasonable search for responsive documents.  Parties, along with their employees and attorneys, have a duty to act competently, diligently, and ethically with respect to discharging discovery obligations.") (internal quotations and citations omitted); *see also* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.").  The Court shall require Plaintiff to include in her supplemental response to RFP No. 21 a statement of what searches she has undertaken to find responsive communications.

Because the Court grants Defendant's Third Motion to Compel in part, the Court does not award Defendant its requested attorney's fees and costs.

IT IS THEREFORE ORDERED that Defendant's Third Motion to Compel, (Doc. 92), is GRANTED in part.  Plaintiff shall provide a supplemental response to RFP No. 21 as set forth above no later than **February 20, 2024**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE