**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NADEEN ALSAADI,

      Plaintiff,

v.                                    No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

      Defendant.

**ORDER GRANTING IN PART DEFENDANT'S
FOURTH MOTION TO COMPEL (Doc. 103)**

THIS MATTER is before the Court on Defendant's Fourth Motion to Compel, (Doc. 103), filed December 29, 2023.  Plaintiff filed a response on January 12, 2024, and Defendant filed a reply on January 26, 2024.  (Docs. 108, 112).  Having considered the parties' briefing, the record of the case, and relevant law, the Court grants Defendant's Fourth Motion to Compel in part.

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence.  (Doc. 29) (Second Amended Complaint).  Plaintiff alleges that during the time she worked for Defendant – from April 2022 to June 2022 – Defendant's employee, Anthony Hammons, discriminated against her and Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons.  *Id.* at 1.

Defendant moves to compel Plaintiff to fully respond to Defendant's Third Set of Request for Production (RFP) No. 22 and Interrogatory Nos. 17, 18, and 19. The Court discusses each discovery request below.

**A. RFP No. 22 – Forensic Review of Plaintiff's Electronic Devices**

Defendant first asks the Court to compel Plaintiff to provide her electronic devices so Defendant can have them reviewed by Defendant's forensic expert "to determine whether all relevant communications have been produced and whether any have been deleted/destroyed and, if so, when." (Doc. 103) at 4-6. Plaintiff objected to RFP No. 22 on the basis it is not proportional to the needs of the case and is not necessary to resolve Plaintiff's claims. *Id.* at 5. Plaintiff states that Defendant has access to Mr. Hammons' phone and Plaintiff produced all texts with Mr. Hammons in her possession, custody, or control. In its Motion to Compel, Defendant states that production of Plaintiff's devices for review is necessary because Plaintiff has already had them forensically imaged by her own expert, has only disclosed limited text messages, and admitted to deleting text messages between Plaintiff and Mr. Hammons after June 15, 2022. *Id.* at 4-5.

In response, Plaintiff maintains that production of her electronic devices is an overreach because Defendant is in possession of Mr. Hammons' phone records, both Plaintiff and Mr. Hammons have testified they deleted texts with each other, and Plaintiff produced all relevant text messages that she had extracted by a professional from her cell phone and iPad. (Doc. 108) at 3-6. Defendant replies that the extraction of messages by Plaintiff's forensic expert appears to have only looked for messages between Plaintiff and Mr. Hammons, and "appropriate review has not been conducted for *all* responsive documents." (Doc. 112) at 3. Defendant argues that additional searches are necessary because Plaintiff testified at her deposition that she spoke to

2

and texted specific family members, friends, and co-workers, during her employment period, and those messages may provide relevant information.  *Id.* at 3-4.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair."  *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

RFP No. 22 seeks Plaintiff's cell phone, iPad, and any other electronic device for forensic review.  It is not limited to search for specific information or to a specific time period.  Plaintiff states she had relevant information extracted from her cell phone and iPad, which she produced

to Defendant.  While Defendant is concerned that the searches were not broad enough, in a separate Order, the Court ordered Plaintiff to supplement her responses to RFP Nos. 1, 4, 5, and 15 by stating what searches she made to find all text messages related to her claims and to provide the text messages with Defendant's employees she referred to in her deposition.  *See* (Doc. 117) at 4-5.  Defendant's assertion that its own expert's review of the devices may find additional relevant information is speculative, and access to all of the information on Plaintiff's electronic devices is well beyond the scope of discovery.  The Court therefore finds that production of Plaintiff's electronic devices for forensic review is overly broad and unduly burdensome and denies the Motion to Compel as to RFP No. 22.

## B.  Interrogatory No. 18 – Contact Information for Witnesses

Next, Defendant moves to compel Plaintiff to provide contact information for witnesses to allow Defendant to interview them.  (Doc. 103) at 7-10.  These witnesses include Plaintiff's mother, brother, husband, sister, cousins, co-workers, and probation officer.  In response to the interrogatory, Plaintiff agreed to provide her mother for a deposition, stated that Defendant is already in possession of its former employees' contact information, and objected to providing contact information for the remaining witnesses because none of them have personal knowledge of the facts at issue.  *Id.* at 7-8.  In its Motion to Compel, Defendant argues that these witnesses may have information about what Plaintiff told them about her relationship with Mr. Hammons and her emotional damages.  *Id.* at 8-10.

In response to the Motion to Compel, Plaintiff states that she is making her mother and brother available for deposition.  (Doc. 108) at 6.  Plaintiff further states that Defendant has the contact information for its own employees and that the rest of Plaintiff's friends and family requested in the interrogatory do not have relevant information because she did not tell them

4

about the situation with Mr. Hammons.  *Id.* at 6-7.  Plaintiff explains she and her ex-husband were married less than one year and divorced prior to Plaintiff's employment, and she did not tell her ex-husband about Mr. Hammons' conduct.  Plaintiff disputes that any of these witnesses have information about her alleged damages.  *Id.* at 7.  In its reply, Defendant acknowledges that Plaintiff has made her mother and brother available for deposition but maintains the remaining witnesses may have information relevant to Plaintiff's claims.  (Doc. 112) at 4-5.

Defendant's sole support for seeking contact information for a list of witnesses that includes its own employees and Plaintiff's friends, family, and probation officer, is that they may have knowledge "about what Plaintiff did – or did not – tell [them] about her relationship (consensual or otherwise) with Anthony Hammons" and her emotional distress damages.  (Doc. 103) at 8-9.  Defendant has access to its employees' contact information, and Plaintiff has made her mother and brother available for a deposition.  As for the remaining witnesses, Plaintiff testified that she did not tell any of them about her relationship with Mr. Hammons.  (Doc. 108) at 6-8.  While Defendant may pursue discovery that is relevant to the parties' claims or defenses, it fails to state with any specificity the information these remaining witnesses may have.  Indeed, the case Defendant relies on for this request allowed a party to discover the names and contact information for people with whom the plaintiff had lived during the relevant time period because that proximity made it likely they had information about the plaintiff's claims.  *See Ortega v. N.M. Legal Aid, Inc.*, 2019 WL 586784, at *1 (D.N.M.).  Plaintiff here lives with her brother, whom she made available for a deposition.  As to the remaining witnesses, Defendant merely speculates that they may reveal relevant information.  *See Landry*, 323 F.R.D. at 375 (explaining courts are not required to permit parties to engage in fishing expeditions in the hope of

5

supporting their claims or defenses).  Therefore, the Court denies the Motion to Compel as to

Interrogatory No. 18.

### C.  Interrogatory No. 19 – Plaintiff's Arrest and Probation Records

Interrogatory No. 19 asks Plaintiff to describe the terms of her probation following her

arrest in March 2022, including any restrictions on travel.  (Doc. 103) at 10.  In response to the

interrogatory, Plaintiff referred Defendant to her arrest records.  *Id.* at 11.  In the Motion to

Compel, Defendant asks the Court to allow it "to discover the full extent of Plaintiff's criminal

history to determine whether any of the records will be admissible at trial or whether they subject

Plaintiff to impeachment."  *Id.*  Plaintiff responds that she provided Defendant the Order on Plea

of Guilty, Judgment and Sentence, Order of Conditional Discharge, and Order Granting Pretrial

Diversion, from her March 2022 criminal case.  (Doc. 108) at 7-8.  She states the Order of

Conditional Discharge reflects there are no restrictions on Plaintiff's travel.  *Id.* at 8; Doc. 108-4.

Plaintiff further states she has already disclosed to Defendant her criminal history in response to

Interrogatory No. 9.  (Doc. 108) at 8.  In its reply brief, Defendant states: "Plaintiff's full

criminal history is also reasonably calculated to lead to the discovery of admissible evidence."

(Doc. 112) at 5.

Interrogatory No. 19 asks Plaintiff to describe the terms of her probation following her

March 2022 arrest, along with any travel restrictions, and Plaintiff referred Defendant to her

arrest records.  While Plaintiff states in response to the Motion to Compel that one of those

records shows that there are no restrictions on Plaintiff's travel, Rule 33 requires that "[e]ach

interrogatory must, to the extent it is not objected to, be answered separately and fully in writing

under oath."  Fed. R. Civ. P. 33(b)(3).  Plaintiff's response to Interrogatory No. 19 is insufficient

because she failed to describe the terms of her probation and the Court will require Plaintiff to

produce a supplemental response that is fully responsive.  However, to the extent Defendant is

asking the Court to compel Plaintiff to provide "the full extent of Plaintiff's criminal history,"

that was not requested in Interrogatory No. 19.  Therefore, the Court grants the Motion to

Compel as to Interrogatory No. 19 in part.  Plaintiff shall supplement her response to describe the

terms of her probation following the March 2022 arrest, including any restrictions on travel.

### D.   Interrogatory No. 17 – Plaintiff's Medical Information

Finally, Defendant asks the Court to compel Plaintiff's full response to Interrogatory No.

17, which asks Plaintiff to identify "all hospitals, medical clinics, doctors, psychiatrists,

psychologists, counselors, or other medical and/or mental health providers" she sought or

received treatment from two years prior to the start of her employment with Defendant to the

present.  (Doc. 103) at 11.  Plaintiff objected that the interrogatory seeks irrelevant information

because she has not pled that she had any diagnosable physical or mental condition as a result of

Defendant's conduct, and she is not using medical records or medical provider testimony to

support her claims.  *Id.*  Instead, Plaintiff states she "is seeking garden variety emotional distress

damages."  *Id.*  In its Motion to Compel, Defendant argues neither the District of New Mexico

nor the Tenth Circuit applies the "garden variety" approach to emotional distress damages, and

this information is relevant because Plaintiff has alleged emotional distress damages.  *Id.* at 12.

Defendant seeks the requested information as well as a release for medical records for each

medical provider identified.  *Id.*

In response, Plaintiff states she has not put her mental or medical conditions at issue in

this case because she does not allege any physical injury or diagnosed condition, she did not seek

any medical treatment, and she is not using any medical records or medical provider testimony to

support her claims.  (Doc. 108) at 8.  Instead, Plaintiff seeks damages for "generalized" distress,

"which anyone could be expected to feel given the defendant's conduct." *Id.* at 8-9 (quoting *Wright v. Martinez*, 2019 WL 4932849, at *3 (D.N.M.)). Plaintiff argues the burden, embarrassment, and intrusion of privacy outweighs any connection to the facts at issue. *Id.* at 9. In reply, Defendant maintains that Plaintiff has put her mental health records at issue by claiming emotional distress damages. (Doc. 112) at 5.

For mental-health information, the "garden variety" concept represents a compromise between the "narrow approach" and the "broad approach." *Wright*, 2019 WL 4932849, at *3 (citing *Castillo v. Vista Mesa Villa*, 2016 WL 10592207 (D.N.M.)). "Courts employing the 'narrow' approach will only find a waiver of the [psychotherapist] privilege where the emotional distress claims are 'severe,' where the plaintiff relies on communications with a therapist, ... or where the plaintiff intends to offer expert testimony on the claim of emotional distress." *Id.* Under the "broad approach," courts find a waiver when a plaintiff places his or her mental condition at issue by making a claim for emotional distress damages. *Id.* "The Tenth Circuit has not adopted a 'garden variety' injuries exception to discovery where a plaintiff has placed his otherwise privileged healthcare information at issue." *Id.* at *2 (citing *Empey v. Fedex Ground Package Sys.*, 2016 WL 10179244, at *2-3 (D.N.M.)). Moreover, several decisions in the District of New Mexico have declined to apply the garden variety approach. *See, e.g., Wright*, 2019 WL 4932849, at *3 (declining to adopt the garden variety approach, stating it "is doctrinally complex" and the court is "not convinced the Tenth Circuit would adopt this middle-ground approach"); *Empey*, 2016 WL 10179244, at *3 (finding the plaintiffs put their mental conditions at issue by seeking emotional distress damages, stating: "It is true that judges in the District of New Mexico seem to favor the broad approach to emotional distress damages, finding

plaintiffs to have placed their mental conditions at issue and subject to discovery simply by making claims for emotional distress damages.") (gathering cases).

The Court agrees with the reasoning of these cases and declines to find that Plaintiff's assertion that she is merely asserting "garden variety" emotional distress damages precludes Defendant from seeking relevant medical records.  Because Plaintiff seeks damages for emotional distress, information relating to her mental health is relevant and discoverable. Nevertheless, Interrogatory No. 17 is overly broad because it seeks all medical providers from whom Plaintiff has sought or received treatment for the two years prior to the start of her employment with Defendant to the present.  Plaintiff has not put her physical health at issue, so the Court sustains Plaintiff's objection to the interrogatory as to her medical records. Accordingly, the Court grants the Motion to Compel as to Interrogatory No. 17 in part, and Plaintiff shall provide the requested information as to any mental health treatment she sought or received from the two years prior to the start of her employment to the present.  Plaintiff shall also provide Defendant with a records release for any identified mental health providers.

Because the Court grants Defendant's Fourth Motion to Compel in part, the Court does not award Defendant its requested attorney's fees and costs.

IT IS THEREFORE ORDERED that Defendant's Fourth Motion to Compel, (Doc. 103), is GRANTED in part.  Plaintiff shall provide a supplemental response to Interrogatory Nos. 17 and 19 as set forth above no later than **February 23, 2024**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

9