IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.       No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO QUASH (Doc. 105)

THIS MATTER is before the Court on Plaintiff's Motion to Quash and for Protective Order, (Doc. 105), filed January 9, 2024. Defendant filed a response to the Motion on January 23, 2024, and Plaintiff filed a reply on February 6, 2024. (Docs. 111, 118). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants Plaintiff's Motion to Quash in part.

**I.**      **Background**

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence. (Doc. 29) (Second Amended Complaint). Plaintiff alleges that during the time she worked for Defendant – from April 2022 to June 2022 – Defendant's employee, Anthony Hammons, discriminated against her and Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons. *Id.* at 1.

Plaintiff asks the Court to quash two subpoenas Defendant issued for her medical records without Plaintiff's authorization for their release. (Doc. 105) at 1. The subpoenas were issued to

Western State Hospital and LifeSkills Premium Healthcare Services, which are entities where Plaintiff received treatment after she was arrested in March 2022 and pled guilty to misdemeanor DWI (first) and received a conditional discharge for fleeing the scene. *Id.*; (Doc. 105-1). The subpoenas call for production of all of Plaintiff's medical records, including medical history, treatment plans, physical or mental impairment or disability, counseling, and prescriptions, as well as billing and accounting records, from January 1, 2014 to the present. (Doc. 105-1). Plaintiff argues the information requested in the subpoenas is irrelevant and outside the scope of discovery because "Plaintiff is not alleging any bodily, physical, medical, or diagnosed injury," and is only alleging "garden variety" emotional distress. (Doc. 105) at 2-3; 7-9. Plaintiff states she has declined to produce her medical and mental health records, and the Court should not allow Defendant to go around Plaintiff directly to these institutions. *Id.* at 3-5. Plaintiff further argues the information sought is not proportional to the needs of the case and would be an improper intrusion of Plaintiff's privacy and a violation of the psychotherapist-patient privilege. *Id.* at 6-7. Finally, Plaintiff contends the subpoenas should be quashed because Plaintiff has not been convicted of a crime punishable by imprisonment in excess of one year or involving dishonesty or fraud, so the records have no probative value. *Id.* at 10. Plaintiff asks the Court to quash the subpoenas and enter an order protecting her from disclosure of her medical and legal records pertaining to the March 2022 incident or, in the alternative, allow an *in camera* review of the records to determine what is properly discoverable. *Id.* at 10-11.

 In response, Defendant argues that Plaintiff lacks standing to challenge the subpoenas, the documents sought are relevant, and Plaintiff has not established good cause for a protective order. (Doc. 111) at 1-2; 8. Defendant states that Plaintiff lacks standing to challenge the subpoenas served on third-parties, and the psychotherapist-patient privilege does not apply

because Plaintiff has placed her mental health at issue by claiming emotional distress damages. *Id.* at 3-4.  Moreover, Defendant contends the documents are relevant to the issue of Plaintiff's emotional distress damages, and Plaintiff's characterization of her emotional distress as "garden variety" is unavailing.  *Id.* at 4-5.  Defendant states the records may also be discovered for impeachment reasons because in her deposition Plaintiff denied having been held for a psychiatric evaluation, while the arrest records indicate she was admitted to the Western State Hospital in Kentucky after her arrest and held for so long she missed at least two court hearings. *Id.* at 5-6.  Plaintiff's release from custody required her to comply with the recommendations from LifeSkills and take medication as ordered.  *Id.* at 6.  Therefore, Defendant asserts that Plaintiff's medical records from Western State Hospital and LifeSkills are relevant as to Plaintiff's emotional and mental state during the time period before, during, and after her employment with Defendant.  *Id.*

In reply, Plaintiff argues she has standing to challenge the subpoenas because she has a privacy interest in her medical records.  (Doc. 118) at 1.  She maintains that she has not put her medical or mental health at issue by alleging garden variety emotional distress.  *Id.* 2-3.  As to Defendant's allegations about Plaintiff's veracity, Plaintiff explains that she did not admit at her deposition that she was held for psychiatric evaluation because Defendant's counsel's questioning was confusing and because English is not her first language.  *Id.* at 3-6.  Finally, Plaintiff notes that Defendant included in its response to the Motion to Quash pages disclosing Plaintiff's personally identifying information, and "[o]n this basis alone the Court should grant Plaintiff's motion to quash" because it demonstrates defense counsel "has no regard for Plaintiff's privacy or basic rules of decency."  *Id.* at 7.

3

## II. Legal Standard

Federal Rule of Civil Procedure 26 permits parties "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering whether to permit discovery, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. While "relevancy in discovery is broader than that required for admissibility at trial, the object of inquiry must have some evidentiary value" to be discoverable. *Dorato v. Smith*, 163 F. Supp. 3d 837, 865-66 (D. N.M. 2015) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). In addition, Rule 26(c)(1) provides that courts may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Rule 45 governs subpoenas issued to nonparties. Fed. R. Civ. P. 45; *see also Simon v. Taylor*, 2014 WL 6633917, at *14 (D. N.M.) (unpublished) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45."). A court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). *See Quarrie v. Wells*,

2020 WL 4934280, at *2 (D. N.M.) (unpublished) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); Fed. R. Civ. P. 45(d)(1) advisory committee note (explaining the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Thus, the Court must examine whether a request contained in a subpoena is overbroad or seeks irrelevant information under the same standards as set forth in Rule 26(b).

### III. Analysis

Before considering whether the subpoena should be quashed, the Court must determine whether Plaintiff has standing to move to quash a subpoena that was served on a non-party. *See Public Service Co. of Okla. v. A Plus Inc.*, 2011 WL 691204, at *2 (W.D. Okla.) (unpublished) ("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted). A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege regarding the subject matter in the documents sought. *See id.* ("[T]he general rule is that only the person to whom the subpoena is directed has standing to object to its issuance."). Here, Plaintiff has a privacy interest in the subject matter of the subpoenas at issue since they pertain to her medical and financial records. *See Shutrump v. Safeco Ins. Co. of Am.*, 2017 WL 3579211, at *2 (N.D. Okla.) ("Plaintiff clearly has a privacy interest in a file that contains his medical records, and because plaintiff has a legitimate privacy interest in the contents of the file, he has standing to challenge the subpoena."); *Smith v. Kansas Pub. Emps. Ret. Sys.*, 2019 WL 1171512, at *3 (D. Kan.) ("[A] movant has a personal right to privacy in his or her medical records."); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003) (holding that a party has standing to

5

challenge subpoenas issued to third parties which seek the party's financial records). The Court finds that Plaintiff has standing to move to quash the subpoenas.

Next, the Court considers whether the subpoenas should be quashed. In ruling on Defendant's Fourth Motion to Compel, the Court considered whether Plaintiff was required to provide medical and mental health records in response to Interrogatory No. 17. (Doc. 123). The Court rejected Plaintiff's objection to the interrogatory on the basis she is only seeking "garden variety" emotional distress damages, explaining the "Tenth Circuit has not adopted a 'garden variety' injuries exception to discovery where a plaintiff has placed his otherwise privileged healthcare information at issue." *Id.* at 8-9 (quoting *Wright v. Martinez*, 2019 WL 4932849, at *2 (D.N.M.)). The Court adopted the reasoning of other decisions in this court declining to apply the garden variety approach. *Id.* (citing *Wright*, 2019 WL 4932849, at *3 (declining to adopt the garden variety approach, stating it "is doctrinally complex" and the court is "not convinced the Tenth Circuit would adopt this middle-ground approach"); *Empey v. Fedex Ground Package Sys.*, 2016 WL 10179244, at *3 (D.N.M.) ("It is true that judges in the District of New Mexico seem to favor the broad approach to emotional distress damages, finding plaintiffs to have placed their mental conditions at issue and subject to discovery simply by making claims for emotional distress damages.") (gathering cases)). Because Plaintiff seeks damages for emotional distress, the Court held that information relating to her mental health is relevant and discoverable. Consequently, the Court ordered Plaintiff to provide the requested information as to any mental health treatment she sought or received from the two years prior to the start of her employment with Defendant to the present, as well as records releases for any identified mental health providers. *Id.* at 9.

Plaintiff's mental health records from the March 2022 incident should be produced as a result of the Court's Order on Defendant's Fourth Motion to Compel requiring Plaintiff to disclose mental health providers for the two years prior to the start of her employment to the present, as well as records releases for those providers.  Therefore, the Court finds the subpoenas to Western State Hospital and LifeSkills Premium Healthcare Services are unnecessary as to Plaintiff's mental health records from that time period.  As for the remaining information requested in the subpoenas – for ten years of Plaintiff's records, records relating to her physical health, and billing and accounting records – the Court finds that information is outside the scope of discovery.  *See id.* ("Nevertheless, Interrogatory No. 17 is overly broad because it seeks <u>all</u> medical providers from whom Plaintiff has sought or received treatment for the two years prior to the start of her employment with Defendant to the present.  Plaintiff has not put her physical health at issue, so the Court sustains Plaintiff's objection to the interrogatory as to her medical records.").  For these reasons, the Court grants Plaintiff's Motion to Quash the subpoenas.  The relevant records should be produced as part of Plaintiff's records release pursuant to the Court's Order on Defendant's Fourth Motion to Compel, and the remaining portions of the subpoenas are overly broad.

In addition, the Court denies Plaintiff's motion for an order protecting her from disclosure of her medical and legal records pertaining to the March 2022 incident or, in the alternative, to allow an *in camera* review of the records.  For the reasons stated herein and in the Court's Order on Defendant's Fourth Moton to Compel, records from the March 2022 incident relating to Plaintiff's mental health are relevant and discoverable and Plaintiff has not established that in *in camera* review is necessary.  Regarding Defendant filing an attachment to its response brief (Doc. 111-1) with Plaintiff's unredacted social security number and full date of birth, that

filing violates Rule 5.2, which requires such information to either be redacted or filed under seal. *See* Fed. R. Civ. P. 5.2(a) (requiring filings with the court to only include the last four digits of a person's social security number and only the year of birth). The Court will direct the Clerk's Office to seal Doc. 111-1. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."). Defendant shall take care in future filings to protect private information as required by the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash and for Protective Order, (Doc. 105), is GRANTED in part and the subpoenas served by Defendant are hereby QUASHED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE