# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                           No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

## ORDER OVERRULING OBJECTIONS

This matter is before the Court on Defendant's Objections to Magistrate Judge's Order Granting in Part Defendant's Third Motion to Compel ("Objections"), (Doc. 130), filed February 23, 2024. Plaintiff filed a response opposing the Objections on March 8, 2024, and Defendant filed a reply on March 22, 2024. (Docs. 141, 154). Having considered the parties' briefing, the record, and relevant law, the Court overrules Defendant's Objections.

I. *Background*

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence. (Doc. 29). Plaintiff alleges that Defendant's employee, Anthony Hammons, discriminated against her and that Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons. *Id.* at 1.

In its Order on Defendant's Third Motion to Compel, (Doc. 92), the Magistrate Judge denied the Motion as to RFP No. 20 and granted it as to RFP No. 21. (Doc. 120) at 6.

Defendant objects to the denial of the Motion to Compel as to RFP No. 20. (Doc. 130). RFP No. 20 asks Plaintiff to produce:

> All non-privileged communications including but not limited to text messages, emails, instant messages, letters, etc. exchanged with anyone during your employment with Defendant from April 20, 2022 to June 29, 2022. This would include but is not limited to text messages to and from your parents, your husband, Saulsbury employees, and non-Saulsbury employees.

(Doc. 130-1) at 2. In response, Plaintiff stated:

> Plaintiff objects that this request on its face is not limited to communications that have any relevance to this case but is a bald attempt to obtain unfettered access to Plaintiff's private information with no relevance to this case. Plaintiff objects to the provision of her private, confidential communications. The rules do not require Plaintiff to produce all private or otherwise confidential communications during her entire period of employment merely because she brings a lawsuit or sexual harassment claim against her employer. The request for Plaintiff's communications with anyone during her employment is disproportional to the needs of the case. Plaintiff's communications during her employment are not important to the issues to be tried or resolution of this case. Plaintiff has previously produced all communications in her possession, custody, or control relevant to this case. See Plaintiff's Initial Disclosures; Plaintiff's Responses and Supplemental Responses to RFP Nos. 1, 4, 5, 15.

*Id.* at 2–3.

The Magistrate Judge ruled that RFP No. 20 is overly broad because it seeks all of Plaintiff's communications exchanged with anyone during her employment with Defendant and "is not limited in any way to the claims or defenses in this case." (Doc. 120) at 4. The Magistrate Judge stated that Defendant failed to explain why it needs all of Plaintiff's communications instead of communications relating to Plaintiff's claims. *Id.* Noting Plaintiff's statement in response to RFP No. 20 that she produced all communications relevant to the claims in this case, the Magistrate Judge found that sufficient and denied the Motion to Compel as to RFP No. 20. *Id.*

In its Objections, Defendant states the Magistrate Judge's Order is erroneous and contrary to law because Plaintiff's communications during the weeks she worked for Defendant are relevant as to whether Plaintiff and Mr. Hammons were in a consensual relationship, whether Plaintiff was fired or walked off the job, and the extent of Plaintiff's emotional distress. (Doc. 130) at 4; 15–16. Because Plaintiff produced documents after the Magistrate Judge's Order was entered that include communications with Saulsbury employees during Plaintiff's employment period, Defendant argues the Court should not have relied on Plaintiff's statement that she produced all communications relevant to the claims in this case. *Id.* at 6–7. Defendant further argues it is not clear that Plaintiff has produced all relevant communications, such as communications from certain family members and other individuals. *Id.* at 8. Additionally, Defendant contends that Plaintiff did not object to RFP No. 20 as overly broad, but only objected on the basis of relevancy, privacy, and proportionality. *Id.* at 10. Defendant asserts that RFP No. 20 is a proper discovery request because the requested time period is short and obtaining all of Plaintiff's communications for this period would help determine dates for alleged incidents of harassment. *Id.* at 12. Defendant also argues Plaintiff failed to adequately explain her objections, did not identify parts of the request that are not objectionable, and failed to conduct a proper search of relevant and responsive documents. *Id.* at 13–14. Finally, Defendant asserts that RFP No. 20 is proportional to the needs of the case because "communications Plaintiff may have had regarding her allegations are significant in resolving the issues[,]…even if Plaintiff said *nothing* about the alleged relationship (consensual or otherwise) to her family and close friends." *Id.* at 16 (emphasis in original).

Plaintiff responds that the Magistrate Judge correctly kept Defendant "from obtaining blanket access to all of Plaintiff's emails and texts 'exchanged with anyone'" and correctly

identified RFP No. 20 as a fishing expedition because it was not limited to the issues in this case. (Doc. 141) at 1–2. Plaintiff states she has fully responded to Defendant's discovery requests asking for all communications between her and Defendant's directors, officers, agents, or employees, including Mr. Hammons, as well as all communications from the end of her employment to the present regarding her relationship with Mr. Hammons. *Id.* at 5–6 (citing RFP Nos. 4, 5, 15, and 21). Plaintiff explains the efforts she made to find, extract, and provide these communications, and asserts she has fully and properly responded to all document requests. *Id.* at 6–8.

In reply, Defendant maintains that RFP No. 20 is a proper discovery request because "[w]hat Plaintiff told or did not tell others" during her employment period "is directly relevant to her claims and Defendant's defenses." (Doc. 154) at 1. Defendant further states it seeks to raise "concerns to the Court regarding the misplaced credit that the Magistrate Judge gave Plaintiff's statement that she has produced all communications relevant to her claims." *Id.* at 3.

II.     *Legal Standard*

This Court reviews a magistrate judge's nondispositive order under a clearly erroneous or contrary to law standard of review. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) (citing 28 U.S.C. 636(b)(1)(A)); Fed. R. Civ. P. 72(a) ("The district judge…must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Under the clearly erroneous standard, this Court must affirm the order unless it is "left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quoting *Ocelot Oil Corp.*, 847 F.2d at 1464). "Because a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate judge's determination

only if this discretion is clearly abused." *Jensen v. Solvay Chem., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007) (quoting *Hinsdale v. City of Liberal*, 981 F. Supp. 1378, 1379 (D. Kan. 1997)). To be contrary to law, the magistrate judge must have applied an incorrect legal standard. *Id.*

III.    *Analysis*

The Court first addresses Defendant's objection that the Magistrate Judge should have granted its Motion to Compel as to RFP No. 20 because it seeks relevant information and is not overly broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

RFP No. 20 seeks all communications Plaintiff made during her 11-weeks of employment with Defendant. Defendant argues the entirety of Plaintiff's communications during this time-period is necessary to show whether Plaintiff and Mr. Hammons were in a consensual relationship, whether Plaintiff was fired or walked off the job, to evaluate Plaintiff's emotional distress claim, and to help determine dates for alleged incidents of harassment. (Doc. 130) at 4, 12, 15–16. RFP No. 20, however, does not limit its request to Plaintiff's communications about Mr. Hammons, how her job ended, incidents of harassment, or her emotional distress—it asks for all her communications. Defendant argues that "communications Plaintiff may have had regarding her allegations are significant in resolving the issues[,]…even if Plaintiff said *nothing* about the alleged relationship (consensual or otherwise) to her family and close friends." *Id.* at 16 (emphasis in original). Assuming this is true, Defendant can, and has,

5

sought communications Plaintiff made regarding her allegations. However, allowing Defendant to obtain all of Plaintiff's communications to possibly demonstrate a lack of communication about her allegations is beyond the limits of the scope of discovery. "Discovery…is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1178 (D.N.M. 2019) (citation omitted); *see also McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. 2002) (unpublished) ("As plaintiff made no attempt to narrow his discovery request, we conclude the district court did not err in denying his motion to compel. The district court was not required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim.") (citation omitted); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.") (citation omitted). Furthermore, had Defendant crafted an interrogatory that properly limited its scope to communications relevant to the claims and defenses in this case—and had Plaintiff not produced any communications in response to that interrogatory—Defendant would have then been free to argue for inferences based upon the absence of responsive communications. The Court therefore finds that RFP No. 20 is overly broad, seeks irrelevant information, and is not proportional to the needs of the case, and thus overrules this objection.[1]

Next, Defendant objects to the Magistrate Judge crediting Plaintiff's statement in response to RFP No. 20 that she previously produced all communications in her possession,

---

[1] The Court rejects Defendant's assertion that the Magistrate Judge erred in finding RFP No. 20 overly broad when Plaintiff objected on the basis of relevancy, privacy, and proportionality. (Doc. 130) at 10. These terms are not mutually exclusive—a discovery request is overly broad if it seeks irrelevant information and is not proportional to the needs of the case.

custody, or control that are relevant to this case. (Doc. 130) at 6–7. Defendant contends that Plaintiff's production of relevant documents after the Magistrate Judge's Order was entered contradicts her statement that she had already produced all relevant communications—"[t]he very statement the Magistrate Judge found 'sufficient' when denying Defendant's Motion to Compel as to [RFP] No. 20." *Id.* at 7. Specifically, Defendant states that documents produced in response to RFP Nos. 15 and 21, and Plaintiff's description of searches she undertook to find responsive communications, leave "unclear the scope of the individuals that Plaintiff communicated with during and after her employment with Saulsbury." *Id.* at 7–8; *see also* (Doc. 154) at 3 ("Defendant is raising concerns to the Court regarding the misplaced credit that the Magistrate Judge gave Plaintiff's statement that she has produced all communications relevant to her claims.").

The Court finds no error in the Magistrate Judge's consideration of Plaintiff's statement for three reasons. First, regardless of whether Plaintiff had produced relevant information in response to other discovery requests, RFP No. 20 is overly broad, seeks irrelevant information, and is not proportional to the needs of this case. Second, the documents upon which Defendant relies to question Plaintiff's statement were produced *after* the Magistrate Judge entered his Order, so this issue was not before the Magistrate Judge. Because Defendant first raised the issue of the later-produced documents in Defendant's Objections, the objection is waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to a magistrate judge's [order] are deemed waived."). And third, Plaintiff had preserved her objections to RFP Nos. 15 and 21, and she provided supplemental disclosures when ordered to by the Magistrate Judge, so her earlier statement that she had produced all relevant documents was not untrue or contradictory. To the extent Defendant seeks to raise

issues with those supplemental productions, that issue is not properly before the Court. For these reasons, the Court overrules this objection.

Finally, Defendant argues the Magistrate Judge erred in denying its Motion to Compel because Plaintiff failed to (1) adequately explain her objections to RFP No. 20, (2) identify parts of the request that are not objectionable, and (3) conduct a proper search of relevant and responsive documents. (Doc. 130) at 13–14. Rule 34 requires parties to "state with specificity the grounds for objecting to the request, including the reasons" and "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B)–(C). In addition, as Defendant points out, "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Courts, however, have found that these obligations are not required when a discovery request is facially objectionable. *See, e.g., Funk v. Pinnacle Health Facilities XXXII, LP*, 2018 WL 6042762, at *1, *2 (D. Kan.) (unpublished) (explaining a party resisting discovery has a burden to support its objections "[u]nless a discovery request is facially objectionable").

Here, Plaintiff stated in response to RFP No. 20 that the request "is not limited to communications that have any relevance to this case but is a bald attempt to obtain unfettered access to Plaintiff's private information with no relevance to this case." (Doc. 130-1) at 2–3. She objected "to the provision of her private, confidential communications," and explained "[t]he rules do not require Plaintiff to produce all private or otherwise confidential communications during her entire period of employment merely because she brings a lawsuit or sexual harassment claim against her employer." *Id.* at 3. Finally, she stated "[t]he request for Plaintiff's communications with anyone during her employment is disproportional to the needs of the case," and her "communications during her employment are not important to the issues to be tried or

8

resolution of this case." *Id.* She also noted that she "has previously produced all communications in her possession, custody, or control relevant to this case" and referred Defendant to her responses and supplemental responses to RFP Nos. 1, 4, 5, 15. *Id.*

The Court finds that Plaintiff stated with specificity the grounds of her objections in compliance with Rule 34. Indeed, because RFP No. 20 is facially objectionable, Plaintiff's response was more than adequate. And because the request was objectionable in its entirety, Plaintiff was not required to identify parts of the request that were not objectionable or state whether she was withholding any responsive materials. It is neither Plaintiff's nor the Court's job to reframe or narrow a discovery request to comply with the Rules. *See Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) ("The magistrate judge was not required to exercise his discretion to *sua sponte* fix counsel's errors and assume counsel's responsibility of framing an appropriate discovery request. Plaintiffs' proposed holding would encourage attorneys to abdicate this responsibility in favor of phrasing their discovery requests in the broadest possible terms and placing the burden on the district court of coming up with an appropriately limited request."); *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 n.6 (10th Cir. 2008) ("[A]t the end of the day, it is the parties' obligation to frame their own discovery requests and to seek to narrow any disputes with opposing counsel; the district court is obliged only to rule on the requests for enforcement or protection eventually presented to it, not to do the parties' work for them by editing discovery requests until they comply with the Federal Rules of Civil Procedure."). Accordingly, the Court finds that Plaintiff sufficiently complied with Rule 34.

IV.     *Conclusion*

For the reasons stated above, The Court concludes Defendant failed to show that the Magistrate Judge's Order was clearly erroneous. Thus, the Court overrules Defendant's Objections.

IT IS THEREFORE ORDERED that Defendant's Objections to Magistrate Judge's Order Granting in Part Defendant's Third Motion to Compel, (Doc. 130), are OVERRULED.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE