IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                                                   No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

**ORDER ON ATTORNEYS FEES PETITIONS (Docs. 121, 136)**

THIS MATTER is before the Court on Defendant's Affidavit in Support of Attorneys Fees and Costs, (Doc. 121), and Plaintiff's Motion for Attorney Fees, (Doc. 136). Having considered the parties' briefing on their attorneys fees petitions, the record of the case, and relevant law, the Court overrules Plaintiff's objections to Defendant's Affidavit in Support of Attorneys Fees and Costs, (Doc. 121), and grants Plaintiff's Motion for Attorney Fees, (Doc. 136). Because the requested fee amounts are almost identical, the Court grants Plaintiff's request to offset the fee amounts and finds that Rule 37(a)(5)'s fee requirement is satisfied.

On January 31, 2024, the Court granted Defendant's Motion to Compel, (Doc. 54), and ordered Plaintiff to fully respond to Request for Production (RFP) No. 8. (Doc. 115). The Court noted that Rule 37(a)(5) provides that if a motion to compel "is granted … the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 3-4. The Court found that Plaintiff had an opportunity to respond to

Defendant's request for fees since Defendant raised the issue in its Motion to Compel, and that none of the exceptions to Rule 37(a)(5) apply.  Accordingly, the Court ordered Plaintiff to pay Defendant's reasonable attorneys fees and expenses incurred in bringing the Motion to Compel.  *Id.* at 4.  Pursuant to the Court's Order, Defendant filed its Affidavit seeking a total of $3,162.00 in attorneys fees incurred in preparing and drafting its Motion to Compel and Reply in Support of Motion to Compel, (Docs. 54 and 76).  (Doc. 121).  Plaintiff filed objections to the reasonableness of the time spent and to the rate claimed by one of Defendant's counsel.  (Doc. 126).  Defendant did not file a response to Plaintiff's objections.

On February 1, 2024, the Court granted Plaintiff's Motion to Compel, (Doc. 55), and ordered Defendant to supplement its responses to RFP Nos. 3, 4, and 5.  (Doc. 116). Considering Rule 37(a)(5), the Court noted that Plaintiff did not request fees and costs in her Motion to Compel, so Defendant had not had an opportunity to be heard.  *Id.* at 5.  Therefore, the Court allowed Plaintiff to file a motion seeking reasonable costs and attorneys fees in pursuing the Motion to Compel.  *Id.*  Pursuant the Court's Order, Plaintiff filed her Motion for Attorney Fees, seeking a total of $3,269.97 in fees incurred in preparing and drafting her Motion to Compel.  (Doc. 136).  In the alternative, Plaintiff asks the Court to offset the attorneys fees awarded to the parties for the sake of judicial efficiency and narrowing the scope of dispute.  *Id.* Defendant opposes Plaintiff's requested fee amount for three reasons: (1) because its response to the Motion to Compel was substantially justified; (2) it is not clear that Plaintiff's counsel charges Plaintiff at an hourly rate or has a contingent fee agreement; and (3) Plaintiff's counsel did not sufficiently describe or separate discrete tasks in two of her time entries.  (Doc. 149). Defendant asks the Court to deny Plaintiff's Motion for Attorney Fees in full, or in the

alternative, to base the fee award on any contingent fee agreement and reduce it to account for block billing. *Id.* at 4. In reply, Plaintiff states she "continues to be willing to offset her right to recover attorney fees in connection with her Motion to Compel against Defendant's right to recover its attorney fees in connection with its first Motion to Compel." (Doc. 168). Plaintiff disputes that Defendant's response to her Motion to Compel was substantially justified and argues that a contingent fee agreement does not affect her fee award and that her time entries are appropriate. *Id.*

    The Court finds that Defendant's billing requests are reasonable, both for the time spent and for the rates requested. Additionally, the Court finds that none of the exceptions to Rule 37(a)(5) apply to Plaintiff's fee request because Plaintiff attempted to confer with Defendant and obtain the disputed information without court action, Defendant's nondisclosure was not substantially justified, and no other circumstances make an award of fees unjust. The Court also finds that Plaintiff's counsel's time entries and requested fees are appropriate, whether or not Plaintiff and her attorney have a contingent fee agreement. Defendant cites to no authority for its assertion that a contingent fee agreement affects the award of attorneys fees, and Plaintiff's counsel's time entries are sufficiently tied to her work on the Motion to Compel. Finally, the Court agrees with Plaintiff that the fee awards should be offset since the requested fee amounts are almost identical and in the interests of judicial efficiency.

    IT IS THEREFORE ORDERED that Plaintiff's Objections to Defendant's Affidavit in Support of Attorneys Fees and Costs, (Doc. 121), are OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees, (Doc. 136), is GRANTED.  Because the requested fee amounts are almost identical, the Court grants Plaintiff's request to offset the fee amounts and finds that Rule 37(a)(5)'s fee requirement is satisfied.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE