IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                                                                                                                       No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

## ORDER DENYING DEFENDANT'S
## MOTION FOR ORDER TO SHOW CAUSE (Doc. 148)

THIS MATTER is before the Court on Defendant's Motion for Order to Show Cause, (Doc. 148), filed March 15, 2024. Plaintiff filed a response to the Motion on March 29, 2024, and Defendant filed a reply on April 12, 2024. (Docs. 162, 176). Having considered the parties' briefing, the record of the case, and relevant law, the Court denies Defendant's Motion for Order to Show Cause, (Doc. 148).

Defendant asks the Court to order Plaintiff to show cause why she should not be sanctioned for failure to comply with the Court's Orders dated February 6, 2024 and February 9, 2024, which granted in part Defendant's Second and Third Motions to Compel. (Doc. 148) at 1. Defendant states that "obvious gaps persist in Plaintiff's production, including missing pictures, attachments, and videos from various text chains," and that Plaintiff failed to produce recordings of a witness' deposition that she sent to Blanca Marline Salas. *Id.* Defendant further asks Plaintiff to explain why she cannot make her brother available for a deposition or provide contact information for Adrian Donacio, a former employee of Defendant. *Id.*

On February 6, 2024, the Court granted in part Defendant's Second Motion to Compel and ordered Plaintiff to provide supplemental responses to RFP Nos. 1, 4, 5, and 15, including

additional text messages in paper form. (Doc. 117) at 4-5. On February 9, 2024, the Court granted in part Defendant's Third Motion to Compel and ordered Plaintiff to clarify whether she withheld documents responsive to RFP No. 21 and to provide Defendant a statement of all searches undertaken to find responsive documents. (Doc. 120) at 5-6. In addition, on February 13, 2024, the Court denied Defendant's Fourth Motion to Compel as to Defendant's request for contact information for certain witnesses, including Plaintiff's brother and Mr. Donacio. (Doc. 123) at 5-6. The Court relied on Plaintiff's statement that she would make her brother available for deposition and on the fact that Mr. Donacio was Defendant's former employee, so Defendant had access to his contact information. *Id.*

In its Motion for Order to Show Cause, Defendant argues that Plaintiff's supplemental production of information responsive to RFP Nos. 1, 4, and 15 is incomplete because it is missing videos, audio messages, and photos. (Doc. 148) at 4-7. As for Plaintiff's supplemental response to RFP No. 21, Defendant argues it does not indicate whether Plaintiff reviewed her text messages with her brother for responsive documents, does not state when Plaintiff deleted her text history with her ex-husband, and does not clarify whether she searched for relevant communications with all Saulsbury employees. *Id.* at 7-8. And finally, Defendant states that Plaintiff has not made her brother available for a deposition, contrary to her statement in response to Defendant's Fourth Motion to Compel, and Defendant has been unable to find Mr. Donacio based on his last known address. *Id.* at 9. Defendant asks the Court to order Plaintiff to produce all missing information or show cause why she should not be sanctioned for her failure to comply with the Court's Orders, including paying Defendant's attorney's fees in bringing this Motion. *Id.* at 11-12.

Plaintiff responds that the day after Defendant filed its Motion, she produced all of the videos and images Defendant sought in response to RFP Nos. 1, 4, and 15, except for three links that are no longer accessible. (Doc. 162) at 1-2. She states that the videos and images sent to Ms. Salas show that Plaintiff did not record a witness' deposition, but instead sent images of herself on the same day of the deposition. *Id.* at 1, n.1. Plaintiff argues she appropriately chose search terms for relevant text messages based on the likelihood of the terms occurring in responsive documents and for family members from whom Defendant had previously requested contact information. *Id.* at 3. Plaintiff's supplemental response states what searches she made to answer RFP No. 21, and that she reviewed texts with her counsel to provide all responsive information. *Id.* at 4. Plaintiff explains that she "did not tell her brother about Mr. Hammons' harassment" and her searches of her texts with him confirmed this. *Id.* at 5. She further states she deleted her ex-husband's contact, including their text history, in early 2023, and states "[t]here were no other text messages with any current or former employees" from before Plaintiff was terminated. *Id.* at 6.

Regarding Plaintiff's brother, Feed Alsaadi, Plaintiff states he has not agreed to a deposition, but notes that Defendant is in possession of his address and phone information so it can subpoena him. She states her counsel "made a regrettable assumption about Mr. Alsaadi's willingness to testify," but notes that there is no Court order requiring Plaintiff to make him appear at a deposition. *Id.* at 6-7. Similarly, the Court has not ordered Plaintiff to provide Mr. Donacio's contact information or assure his presence at a deposition. Plaintiff notes that Defendant has two addresses for Mr. Donacio and has run a "skip trace" on him to obtain more recent contact information. *Id.* at 7-8. Plaintiff states that Mr. Donacio was her co-worker for

3

just over two months, she has not seen him since she was fired, and she does not have an obligation to be an intermediary between Defendant and its former employee. *Id.* at 8.

In reply, Defendant states that after it filed its Motion for Order to Show Cause, Plaintiff "produced the documents the Court ordered her to produce." (Doc. 176) at 1. Defendant further states: "Plaintiff has now complied with the Court's discovery orders, including disclosing the 'searches he [sic] has undertaken to find responsive communications.'" *Id.* Nevertheless, Defendant states it "continues to believe that the searches Plaintiff disclosed were inadequate to find all potentially relevant documents," because "[s]he did not, for example, search for terms such as 'job, quit, fired, lunch, or kiss,' which certainly could have turned up additional responsive documents." *Id.*

Considering Plaintiff's supplemental production, the Court finds that Defendant has not shown that Plaintiff failed to comply with Court's Orders. While Defendant asserts in its reply that Plaintiff should have used additional terms in searching her text messages, it acknowledges "[t]he parties never agreed on search terms." *Id.* Moreover, there is no Court order requiring Plaintiff to use certain search terms, to produce her brother for a deposition, or to provide Defendant Mr. Donacio's contact information. Accordingly, the Court denies Defendant's Motion for Order to Show Cause.

IT IS THEREFORE ORDERED that Defendant's Motion for Order to Show Cause, (Doc. 148), is DENIED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE