IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                                                                                                                      No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Doc. 160)**

THIS MATTER is before the Court on Plaintiff's Motion for Protective Order From her Employer's Discovery of her Private Sexual Conduct and Relationships, (Doc. 160), filed March 27, 2024. Defendant filed a response on April 10, 2024, and Plaintiff filed a reply on April 22, 2024. (Docs. 175, 182). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants Plaintiff's Motion for Protective Order, (Doc. 160).

**I.    Background**

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence. (Doc. 29) (Second Amended Complaint). Plaintiff alleges that during the time she worked for Defendant – from April 2022 to June 2022 – Defendant's employee, Anthony Hammons, discriminated against her and Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons. *Id.* at 1.

Plaintiff moves the Court for a protective order "preventing discovery into her private consensual sexual conduct and relationships." (Doc. 160) at 1. Plaintiff relies on Fed. R. Civ. P.

26(c)(1), which provides that courts may issue orders to protect parties "from annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding inquiry into certain matters[.]"  Plaintiff also relies on Fed. R. Evid. 412, which provides that evidence offered to prove a party's sexual behavior sexual predisposition is inadmissible except in limited circumstances, and its purpose is "to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping, and … to encourage victims to come forward[.]"  Fed. R. Civ. P. 412(a) and Advisory Committee's Note to 1994 Amendments.  Plaintiff asserts that Defendant's deposition questions inquiring into Plaintiff's past sexual conduct "are not only irrelevant but appear purposed on embarrassing and intimidating Plaintiff."  (Doc. 160) at 4.  Defense counsel asked Plaintiff and several witnesses, including Plaintiff's mother, about Plaintiff's sexual relationships during her time working for Defendant.  *Id.* at 4-8 (citing depositions of Jessica Blake, Plaintiff, Michael Hamilton, and Plaintiff's mother).  Plaintiff argues that "Defendant's inquiries into Plaintiff's private consensual sexual conduct and relationships are unsupported by any defense theory and are made to develop propensity or habit evidence, to annoy or embarrass Plaintiff, or to impugn her character."  *Id.* at 12.  She further argues that her "private sexual conduct or relationships do not inform whether she welcomed Mr. Hammons' sexual attention," and that this information is irrelevant and improper and is not probative of the parties' claims and defenses.  *Id.* at 13-14.

     Defendant responds that its questions about Plaintiff's relationships and sexual conduct during the time she worked for Defendant are "relevant … because if Plaintiff had close relationships with co-workers that benefitted her in the forms of gifts and money she received from them[,] it is more likely than it would be without that evidence that the gifts she received from Anthony Hammons during her employment were the desired result of a consensual

2

relationship she welcomed with him." (Doc. 175) at 1. Defendant argues this evidence is necessary to defend against Plaintiff's claim that Mr. Hammons made "unwelcome advances" as "a harassing supervisor." *Id.* Defendant notes that Ms. Blake testified Plaintiff "took advantage of" her co-worker, Adrian Donacio, who gave Plaintiff money and gifts, and Defendant argues this "would give Plaintiff a motive to establish a close relationship with other co-workers, especially her supervisor because he could provide her with gifts and other employment perks." *Id.* at 2. Defendant argues the cases Plaintiff relies on are distinguishable for several reasons and that neither Rule 412 nor the case law preclude Defendant from inquiring into Plaintiff's sexual conduct and relationships with her co-workers. *Id.* at 4-6. Defendant asks the Court to deny Plaintiff's Motion for Protective Order and allow Defendant "to discover information concerning Plaintiff's conduct and relationships with co-workers which is relevant to whether her interactions with Mr. Hammons were consensual, whether she welcomed his attention and the gifts he gave her, and her motives for wanting a close relationship with Mr. Hammons." *Id.* at 7.

 In reply, Plaintiff notes that Defendant has sought evidence about Plaintiff's entire sexual history, including rumors and innuendo, and it has not limited questions to conduct that is relevant to the issues in this case. (Doc. 182) at 1. Plaintiff argues that the probative value of evidence of her sexual behavior does not outweigh the prejudice to her of this type of questioning and, thus, is not discoverable under Rule 412. *Id.* at 2-3. Plaintiff rejects Defendant's assertion that because Plaintiff received gifts from a co-worker, then she must have welcomed gifts and sexual advances from Mr. Hammons, who was her supervisor. *Id.* Plaintiff acknowledges that evidence concerning her behavior towards Mr. Hammons is relevant to the issue of whether his advances were unwelcome, but she explains she "is not asking for a protective order to shield her from discovery of evidence of her conduct towards Mr. Hammons."

3

*Id.* at 9.  Instead, "Plaintiff is asking for a protective order to shield her from discovery of evidence of her private sexual conduct and relationships with people other than Mr. Hammons, to include co-workers."  *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair."  *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).  Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

Rule 412 of the Federal Rules of Evidence addresses the relevance of an alleged victim's past sexual behavior or alleged sexual predisposition, and applies to both criminal and civil cases.  It was promulgated to shield victims of rape and sexual harassment from potential embarrassment and to safeguard them against stereotypical thinking.  Fed. R. Evid. 412, Advisory Committee's Note.  In civil cases, the rule establishes a presumption of inadmissibility unless: (1) the evidence is otherwise admissible under the Federal Rules of Evidence; and (2) its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Fed. R. Evid. 412(b)(2).  Further, evidence of an alleged victim's reputation is admissible only if the alleged victim places it in controversy.  *Id.*  Finally, Rule 412(c) sets forth a procedural process for determining the admissibility before trial of any evidence covered by the rule.

**III.    Analysis**

Although Plaintiff's Motion for Protective Order arises in the context of discovery, which is governed by Rule 26 of the Federal Rules of Civil Procedure, the Court must remain mindful of Rule 412 and its implications.  *See Sanchez v. Zabihi*, 166 F.R.D. 500, 501-02 (D.N.M. 1996) (citing Paul Nicholas Monnin, *Proving Welcomeness: The Admissibility of Evidence of Sexual History in Sexual Harassment Claims Under the 1994 Amendments to Federal Rule of Evidence 412,* 48 Vand. L. Rev. 1155, 1197-98 (1995)).  The Advisory Committee addressed the relationship between Rules 26 and 412 in its notes to the 1994 amendments:

> The procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will be continued to be governed by Fed. R. Civ. P. 26.  In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality.  Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery.

Fed. R. Evid. 412, Advisory Committee's Note; *see also Dorato v. Smith*, 163 F. Supp. 3d 837, 865-66 (D.N.M. 2015) (explaining that while "relevancy in discovery is broader than that required for admissibility at trial, the object of inquiry must have some evidentiary value" to be discoverable) (citation omitted).  Accordingly, the proper query before the Court is not whether evidence of Plaintiff's sexual conduct is admissible, but whether Defendant's inquiries are "reasonably calculated to lead to the discovery of admissible evidence, while remaining mindful of the policy underlying Rule 412 that protects victims of sexual misconduct from undue embarrassment and intrusion into their private affairs." *Sanchez*, 166 F.R.D. at 502.

Defendant contends that evidence about Plaintiff's sexual relationships is relevant and discoverable because Defendant intends to argue that Plaintiff "had close relationships with co-workers that benefitted her in the forms of gifts and money she received from them," which makes it "more likely than it would be without that evidence that the gifts she received from Anthony Hammons during her employment were the desired result of a consensual relationship she welcomed with him."  (Doc. 175) at 1.  Defendant also argues the evidence is necessary to defend against Plaintiff's claim that Mr. Hammons made "unwelcome advances" as "a harassing supervisor," and "give[s] Plaintiff a motive to establish a close relationship with other co-workers, especially her supervisor because he could provide her with gifts and other employment

6

perks." *Id.* at 2.  Plaintiff, however, is not asking the Court to issue a protective order regarding Defendant's questioning about gifts she received from Mr. Donacio or other co-workers. Instead, Plaintiff asks the Court for protection against Defendant's inquiries into "her private consensual sexual conduct and relationships." (Doc. 160) at 13.  The deposition questions to which Plaintiff objects include Defense counsel asking Plaintiff: "Were you having sexual relations with anyone while you were working at Saulsbury?"  "Were you having any type of sexual relations with Adrian?"  "Were there any other men that you were dating?"  "During your time at Saulsbury, were there any other men that you were dating?"  "Since your employment with Saulsbury, are you involved with anyone?"  "Are you in a relationship with anyone?"  "Have you been dating anyone?"  *See* (Doc. 150) at 5 (quoting Plaintiff's deposition, attached at Exhibit 3).  Similarly, Defense counsel asked other deponents about who Plaintiff was dating or having sexual relations with during her employment with Saulsbury.  *See id.* at 4-8 (citing depositions of Ms. Blake, Mr. Hamilton, and Plaintiff's mother, attached at Exhibits 2, 4, 5).

      These questions are not limited to Defendant's stated purpose of this line of inquiry—that gifts Plaintiff received from a co-worker indicate she had a consensual relationship with Mr. Hammons and gave her a motive to establish a close relationship with Mr. Hammons so he could provide her with gifts.  Instead, Defense counsel repeatedly asks Plaintiff and other deponents wide-ranging questions about Plaintiff's sexual relationships and dating history, which is not tied in any way to evidence of Plaintiff receiving gifts from a co-worker.  Defendant makes no attempt to explain why Plaintiff's dating history is relevant to the issues in this case, and Defendant makes a false equivalence between Plaintiff's relationships with Mr. Donacio, a co-worker, and with Mr. Hammons, her supervisor.  The Court finds that defense counsel's questions about Plaintiff's sexual conduct and relationships with co-workers and others are

improper and appear to be designed to annoy and embarrass Plaintiff.  Not only is this line of inquiry not reasonably calculated to lead to the discovery of relevant evidence, it also "undermines the rationale of Rule 412" which is to protect victims of sexual misconduct from undue embarrassment and intrusion into their private affairs.  Fed. R. Evid. 412, Advisory Committee's Note; *see also Sanchez*, 166 F.R.D. at 502.  For these reasons, the Court grants Plaintiff's Motion for Protective Order.  In connection with depositions or other discovery in this case, Defendant shall not make any inquiries into Plaintiff's sexual conduct with anyone other than Mr. Hammons.  This Order applies only in the context of discovery, and nothing in this Order should be construed to pertain to the admissibility of information at trial under Rule 412.

       IT IS THEREFORE ORDERED that Plaintiff's Motion for Protective Order, (Doc. 160), is GRANTED.

       IT IS SO ORDERED.

                                                   _____
                                                   KEVIN R. SWEAZEA
                                                   UNITED STATES MAGISTRATE JUDGE