IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                                                              No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO VACATE DEPOSITION AND QUASH SUBPOENA (Doc. 145)

THIS MATTER is before the Court on Defendant's Motion to Vacate Deposition and Quash Subpoena, (Doc. 145), filed March 13, 2024. Plaintiff filed a response on April 3, 2024, and Defendant filed a reply on April 17, 2024. (Docs. 169, 179). Having considered the parties' briefing, the record of the case, and relevant law, the Court denies Defendant's Motion to Vacate Deposition and Quash Subpoena, (Doc. 145).

**I.**      **Background**

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence. (Doc. 29) (Second Amended Complaint). Plaintiff alleges that during the time she worked for Defendant – from April 2022 to June 2022 – Defendant's employee, Anthony Hammons, discriminated against her and Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons. *Id.* at 1.

Defendant and Cindy Hammons, Anthony Hammons' wife, (herein, "Defendants") move to quash a subpoena and vacate a deposition set for Mrs. Hammons. (Doc. 145). Defendants argue Plaintiff has not identified any relevant information held by Mrs. Hammons other than communications made to Mrs. Hammons by Mr. Hammons, which are confidential and protected by spousal privilege. *Id.* at 2-4. Defendants contend that Plaintiff cannot overcome this privilege because this is not a suit between spouses and Mr. and Mrs. Hammons did not intentionally disclose their confidential communications to a non-privileged party. *Id.* at 4. Defendants further contend Mrs. Hammons' testimony is not relevant to this dispute. *Id.* at 4-5.

Plaintiff responds that "Mrs. Hammons' deposition testimony is necessitated by Mr. Hammons' deposition testimony that he was frequently absent from his home in the evenings because he was with Plaintiff at her home in the evenings after work." (Doc. 169) at 1. Plaintiff argues that Defendant does not have standing to quash a subpoena issued to the wife of its former employee. *Id.* at 1-2. Plaintiff further states she does not seek confidential marital communications because she "intends to obtain Mrs. Hammons' deposition testimony as to Mr. Hammons' whereabouts to which he testified during his deposition," and spousal privilege does not apply to observations of a spouse's activities. *Id.* at 2-3. Plaintiff asks the Court to deny the Motion to Quash and allow Plaintiff to question Mrs. Hammons as to the limited topic set forth in her response brief. *Id.* at 3.

Defendants reply that Mrs. Hammons herself is bringing the Motion to Quash, and she is represented by defense counsel for the limited purpose of the Motion to Quash and Reply, so she has standing to bring the Motion. (Doc. 179) at 1. Defendants state that Plaintiff's planned inquiry of Mrs. Hammons into Mr. Hammons' whereabouts and her observations about whether or not Mr. Hammons was home is not proportional to the needs of this case. *Id.* at 2. Defendants

argue "it is *dis*proportionate for a non-party to be subjected to harassing and embarrassing questions about her husband's infidelity," and "for the parties to travel to Mobile, Alabama for a deposition allegedly limited to Mrs. Hammons' observation of Mr. Hammons' whereabouts." *Id.* Defendants assert this information could have been obtained earlier in the litigation through less intrusive means. *Id.* In addition, they note that Plaintiff failed to ask Mr. Hammons during his deposition if his wife observed him at home during the relevant time period, and that during Mr. Hammons' deposition, he "indicated that Mrs. Hammons returned home (to Mobile, Alabama) during the relevant time period." *Id.* at 3. Defendants argue that Mrs. Hammons' observation of her husband is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, "[e]specially given that Plaintiff's allegations are regarding incidents that, for the most part, allegedly occurred at the worksite." *Id.* Defendants assert the purpose of this deposition is to harass and embarrass Mrs. Hammons, and they note that Plaintiff did not identify Mrs. Hammons as a witness and only sought Mrs. Hammons' deposition after Defendant noticed the deposition of Plaintiff's ex-husband. *Id.* at 3-4.

II.     **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad

discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017). Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

Rule 45 governs subpoenas issued to non-parties. Fed. R. Civ. P. 45; *see also Simon v. Taylor*, 2014 WL 6633917, at *14 (D. N.M.) (unpublished) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45."). A court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). *See Quarrie v. Wells*, 2020 WL 4934280, at *2 (D. N.M.) (unpublished) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); Fed. R. Civ. P. 45(d)(1)

advisory committee note (explaining the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Thus, the Court must examine whether a request contained in a subpoena is overbroad or seeks irrelevant information under the same standards as set forth in Rule 26(b).

### III. Analysis

The Court must first determine whether Defendants have standing to move to quash the subpoena served on Mrs. Hammons, a non-party. *See Public Service Co. of Okla. v. A Plus Inc.*, 2011 WL 691204, at *2 (W.D. Okla.) (unpublished) ("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted). A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege regarding the subject matter in the documents sought. *See id.* However, "the person to whom the subpoena is directed has standing to object to its issuance." *Id.* Since Mrs. Hammons brings the Motion to Quash along with Defendant, she has standing to move to quash the subpoena.

Next, the Court addresses Defendants' assertion that Mrs. Hammons' testimony is protected by the spousal privilege. Plaintiff states that she does not seek confidential marital communications that are covered by the privilege, but instead intends to depose Mrs. Hammons "as to Mr. Hammons' whereabouts to which he testified during his deposition." (Doc. 169) at 2. Plaintiff correctly notes that this information is not covered by the spousal privilege because it is not deemed a confidential spousal communication. *See United States v. Candelaria*, 2023 WL 8477960, at *6 (D.N.M.) (allowing testimony by wife as to her observations about her spouse's location during alleged bank robbery, concluding "only conduct and expressions intended to be communication can be privileged" and "other circuits have held that a wife's testimony as to her

husband's absence or return home is not subject to the marital communications privilege and therefore, admissible"). The Court thus finds that Mrs. Hammons' testimony as to her husband's whereabouts is not subject to the spousal privilege.

Finally, the Court considers Defendant's argument that subjecting Mrs. Hammons to a deposition is disproportionate to the needs of this case and the information Plaintiff seeks is irrelevant. *See* (Doc. 179) at 2-4. Plaintiff states she seeks Mrs. Hammons' testimony about Mr. Hammons' whereabouts during time periods he testified he was with Plaintiff at her home in the evenings after work. (Doc. 169) at 1. The Court finds this information is relevant to the issue of the extent and nature of the relationship between Plaintiff and Mr. Hammons. The testimony is also relevant as to the parties' dispute over the amount of time Plaintiff and Mr. Hammons spent together outside of work. *See* (Doc. 191) (Order Granting Plaintiff's Motion to Quash Subpoena, describing dispute over time Plaintiff spent at Mr. Hammons' apartment). Defendants' assertion that this line of inquiry is disproportionate to the needs of the case rings hollow considering the numerous discovery motions Defendants have filed seeking detailed information about the relationship between Plaintiff and Mr. Hammons and Plaintiff's location during her employment with Saulsbury. Moreover, Defendants' argument that Mrs. Hammons' testimony is irrelevant "given that Plaintiff's allegations are regarding incidents that, for the most part, allegedly occurred at the worksite," is especially meritless as Defendants have not limited their discovery requests to the worksite in any way. *See, e.g.,* (Doc. 194) (Order Granting Plaintiff's Motion for Protective Order due to defense counsel questioning Plaintiff and non-parties about Plaintiff's dating and sexual history which was not limited to the relevant time period or Mr. Hammons). For these reasons, the Court finds that Mrs. Hammons' testimony about Mr. Hammons'

whereabouts during the time periods he testified he visited Plaintiff at her home after work is relevant to the parties' claims and defenses and is not disproportionate to the needs of the case.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate Deposition and Quash Subpoena, (Doc. 145), is DENIED. Plaintiff may depose Mrs. Hammons as to Mr. Hammons' whereabouts to which he testified during his deposition. Considering that the discovery period in this case has closed, the parties are ordered to complete Mrs. Hammons' deposition **no later than June 14, 2024**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE