IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                                               No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA (Doc. 146)**

THIS MATTER is before the Court on Plaintiff's Motion to Quash Subpoena to her Ex-Husband, (Doc. 146), filed March 13, 2024. Defendant filed a response on April 3, 2024, and Plaintiff filed a reply on April 22, 2024. (Docs. 166, 184). Having considered the parties' briefing, the record of the case, and relevant law, the Court denies Plaintiff's Motion to Quash Subpoena to her Ex-Husband, (Doc. 146).

**I.    Background**

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence. (Doc. 29) (Second Amended Complaint). Plaintiff alleges that during the time she worked for Defendant – from April 2022 to June 2022 – Defendant's employee, Anthony Hammons, discriminated against her and Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons. *Id.* at 1.

Plaintiff moves to quash a subpoena issued to her ex-husband, Mohammed Sameh, to obtain deposition testimony. (Doc. 146). Plaintiff states she and Mr. Sameh were married less

than a year and divorced prior to Plaintiff's employment with Defendant. *Id.* at 1. She further states that she "withheld information about Mr. Hammons' conduct from her ex-husband because of his cultural beliefs." *Id.* Accordingly, Plaintiff argues that Mr. Sameh "is not likely to have information relevant to any claim or defense at issue" and asserts that "Defendant's intention in deposing Mr. Sameh is to obtain potentially unflattering deposition testimony about his ex-wife to prejudice Plaintiff before the jury" or "to intimidate or embarrass Plaintiff by questioning her ex-husband about Defendant's misplaced allegations of Plaintiff seeing other men during the period she was working in Carlsbad." *Id.* at 2-3 (relying on Fed. R. Evid. 412(a)).

Defendant responds that Plaintiff lacks standing to challenge the subpoena issued to Mr. Sameh, and she cannot assert spousal privilege because Plaintiff and Mr. Sameh were not married during the time period Plaintiff worked for Defendant. (Doc. 166) at 1-3. Defendant contends that the information it seeks from Mr. Sameh is relevant to the parties' claims and defenses because Plaintiff testified she was communicating with Mr. Sameh while she worked for Saulsbury, so her communications with him "about her job, how she was doing, and how she was feeling while allegedly being sexually harassed are relevant to her harassment and discrimination claims, to her credibility, and to Saulsbury's defenses to her harassment claims." *Id.* Defendant further argues that "[a]ny comments that Plaintiff made to Mr. Sameh about Mr. Hammons, who was her supervisor, her work environment, and how she liked her job would shed light on whether she perceived her working conditions to be hostile or abusive, whether she was experiencing any emotional distress, and the cause of any such distress." *Id.* at 5.

Plaintiff replies that she has standing to assert spousal privilege for confidential communications with Mr. Sameh during their eight-month marriage and maintains that Mr.

2

Sameh is not likely to have any relevant information because Plaintiff did not tell him about Mr. Hammons' conduct. (Doc. 184) at 1-2. Plaintiff argues the Court "already denied Defendant's request for Plaintiff to provide her Ex-Husband's contact information because he was unlikely to have relevant information," and that Defendant "has no more articulable basis" for Mr. Sameh's testimony now. *Id.* at 2 (citing Doc. 123, Order Granting in Part Defendant's Fourth Motion to Compel). Plaintiff also incorporates her Motion for Protective Order in which she seeks an order protecting her from discovery of evidence in violation of Federal Rule of Evidence 412, and asks the Court that if it allows Defendant to depose Mr. Sameh, it "enter a limiting order preventing Defendant from asking Plaintiff's Ex-Husband anything other than what she told him during the period of her employment with Defendant about her employment." *Id.* at 3. Plaintiff further asks that "Defendant be restricted in all instances from asking her Ex-Husband about her sexual history, sexual behavior, predisposition, or propensity to include whether her Ex-Husband suspected she was unfaithful to him at any time, whether there were allegations of infidelity in their marriage, why their marriage ended, whether he is aware of his wife deleting text messages from Mr. Hammons, whether her Ex-Husband believed Plaintiff lied at any time or was dishonest, and whether he believes she is dating anyone currently or since the termination of their marriage." *Id.*

## II.     Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed.

3

R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair."  *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).  Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1).

Rule 45 governs subpoenas issued to non-parties.  Fed. R. Civ. P. 45; *see also Simon v. Taylor*, 2014 WL 6633917, at *14 (D. N.M.) (unpublished) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45.").  A court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A).  While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery

4

under a subpoena is the same as the scope of discovery under Rule 26(b).  *See Quarrie v. Wells*, 2020 WL 4934280, at *2 (D. N.M.) (unpublished) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); Fed. R. Civ. P. 45(d)(1) advisory committee note (explaining the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").  Thus, the Court must examine whether a request contained in a subpoena is overbroad or seeks irrelevant information under the same standards as set forth in Rule 26(b).

### III.   Analysis

The Court must first determine whether Plaintiff has standing to move to quash the subpoena served on Mr. Sameh, a non-party.  *See Public Service Co. of Okla. v. A Plus Inc.*, 2011 WL 691204, at *2 (W.D. Okla.) (unpublished) ("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted).  A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege regarding the subject matter in the documents sought.  *See id.*; *see also Murphy v. Schaible, Russo & Co., C.P.A's, LLP*, 2020 WL 12698695, at *3 (D. Colo.) ("Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena.") (citation omitted).  Plaintiff here does not assert a specific privilege or privacy, other than for confidential communications between her and her spouse during their eight-month marriage.  *See* (Doc. 189) at 1.  Accordingly, the Court finds that Plaintiff does not have standing to quash the subpoena for communications between her and Mr. Sameh outside of the dates they were married.

Despite Plaintiff's lack of standing, the Court has inherent authority to address discovery issues contained in the subpoena.  *See* Fed. R Civ. P. 26(b)(2)(C)(iii) (providing a court "must limit the frequency or extent of discovery" if it determines that proposed discovery is outside the

scope permitted by Rule 26(b)(1)); *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *2-3 (D. Wyo.) ("Courts within this Circuit have, however, utilized their inherent authority to address discovery issues including quashing or modifying Rule 45 subpoenas where a moving party does not have standing to challenge a subpoena issued to a nonparty."); *Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *3 (N.D. Okla.) ("In cases where a moving party lacks standing to challenge a third-party subpoena, a court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)."); *Griggs v. Vanguard Grp., Inc.*, 2019 WL 3058982, at *1 (W.D. Okla.) ("The Court can (and, here, does) issue a protective order to guard the [ ] nonparties from unnecessarily burdensome discovery regardless of whether Plaintiff, herself, has standing to assert specific objections to the subpoenas issued by Defendants."); 9A Wright & Miller, *Federal Practice and Procedure* § 2463.1 (3d ed.) ("Federal courts always have had the inherent power to protect persons subject to subpoena from undue burden.").

Plaintiff argues that Mr. Sameh "is not likely to have information relevant to any claim or defense at issue" because she and Mr. Sameh were married less than a year and divorced prior to Plaintiff's employment with Defendant, and because Plaintiff "withheld information about Mr. Hammons' conduct from her ex-husband because of his cultural beliefs." (Doc. 146) at 1-2. Nevertheless, Plaintiff testified that she was communicating with Mr. Sameh while she worked for Saulsbury, so Defendant reasonably asserts that "[a]ny comments that Plaintiff made to Mr. Sameh about Mr. Hammons, who was her supervisor, her work environment, and how she liked her job would shed light on whether she perceived her working conditions to be hostile or abusive, whether she was experiencing any emotional distress, and the cause of any such distress." (Doc. 166) at 5. The Court acknowledges Plaintiff's argument that in a prior Order the

6

Court denied Defendant's Motion to Compel Plaintiff to provide contact information for a list of witnesses, including Plaintiff's ex-husband. (Doc. 123) at 4-5 (denying Defendant's Motion to Compel as to Interrogatory No. 18). However, in the briefing before the Court for that motion to compel, Defendant merely argued that the witnesses may have information about what Plaintiff told them about her relationship with Mr. Hammons and her emotional distress damages, and "fail[ed] to state with any specificity the information these [] witnesses may have." *Id.* at 5. In contrast, here Defendant has explained that Plaintiff and Mr. Sameh were in contact during her employment with Defendant and has specified the information it seeks from Mr. Sameh. Moreover, the Court's earlier ruling did not preclude Defendant from issuing a subpoena to Mr. Sameh for a deposition. For these reasons, the Court finds that Mr. Sameh's testimony is sufficiently relevant and denies Plaintiff's Motion to Quash.

However, and importantly, Plaintiff's request that the Court prevent defense counsel from asking Mr. Sameh about certain topics is well-taken. The Court has granted Plaintiff's Motion for Protective Order and ordered that "Defendant shall not make any inquiries into Plaintiff's sexual conduct with anyone other than Mr. Hammons" in connection with depositions and other discovery in this case. (Doc. 194) at 8. That Order applies to Mr. Sameh's deposition. In addition, Plaintiff asks the Court to limit defense counsel "from asking her Ex-Husband about her sexual history, sexual behavior, predisposition, or propensity to include whether her Ex-Husband suspected she was unfaithful to him at any time, whether there were allegations of infidelity in their marriage, why their marriage ended, whether he is aware of his wife deleting text messages from Mr. Hammons, whether her Ex-Husband believed Plaintiff lied at any time or was dishonest, and whether he believes she is dating anyone currently or since the termination of their marriage." (Doc. 184) at 3. The Court finds this request reasonable with one exception—

7

the question of whether Mr. Sameh is aware of Plaintiff deleting text messages from Mr. Hammons is relevant to the parties' claims and defenses.  Accordingly, defense counsel may not question Mr. Sameh about any of the topics in Plaintiff's list above, except for whether he is aware of Plaintiff deleting text messages from Mr. Hammons.  Any follow-up questions must comply with the Court's Order Granting Protective Order.  The Court further limits defense counsel's questioning of Mr. Sameh to communications Plaintiff made to him during the time she worked for Defendant about Mr. Hammons, her work environment, how she liked her job, and her emotional state.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash Subpoena to her Ex-Husband, (Doc. 146), is DENIED.  Defendant may depose Mr. Sameh as limited in this Order.  Considering that the discovery period in this case has closed, the parties are ordered to complete Mr. Sameh's deposition **no later than June 14, 2024**.

    IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE