IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.                                                No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO QUASH SUBPOENA (Doc. 147)**

THIS MATTER is before the Court on Plaintiff's Motion to Quash Subpoena to Probation Officer, (Doc. 147), filed March 13, 2024. Defendant filed a response on April 3, 2024, and Plaintiff filed a reply on April 22, 2024. (Docs. 167, 185). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants Plaintiff's Motion to Quash Subpoena to Probation Officer, (Doc. 147).

**I.    Background**

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence. (Doc. 29) (Second Amended Complaint). Plaintiff alleges that during the time she worked for Defendant – from April 2022 to June 2022 – Defendant's employee, Anthony Hammons, discriminated against her and Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons. *Id.* at 1.

Plaintiff moves to quash a subpoena issued to her probation officer, Chastity McCorkle, who is involved in Plaintiff's deferred sentence for fleeing/evading in Kentucky. (Doc. 147)

at 1. Plaintiff explains her arrest was for a misdemeanor DWI that took place before her employment with Defendant began, and Plaintiff "will have the fleeing or evading charge dismissed and expunged once she successfully completes the pretrial diversion program." *Id.* at 2. Plaintiff argues that testimony from her probation officer is not likely to lead to relevant evidence and notes that the Court earlier denied Defendant's Motion to Compel the probation officer's contact information because Defendant failed to specify what information the probation officer has. *Id.* (citing Doc. 123).

Defendant responds that Plaintiff lacks standing to challenge the subpoena and asserts the probation officer has information relevant to the parties' claims and defenses. (Doc. 167) at 1. Defendant states that it contests Plaintiff's claim that it caused her any emotional distress damages and contends that Plaintiff failed to mitigate her alleged economic damages by diligently searching for, and retaining, comparable employment. *Id.* at 2. Since Plaintiff was required to regularly check in with her probation officer, Defendant asserts the probation officer "will have relevant information about how Plaintiff has been doing during that time, what Plaintiff has been doing, whether Plaintiff has been telling her about any emotional distress she has been experiencing and the cause of any such distress, Plaintiff's efforts to find employment, and any jobs she held while she was meeting with Ms. McCorkle." *Id.*

Plaintiff replies that Defendant has failed to articulate any specific relevant information the probation officer has, and "[t]here is no reason to believe Plaintiff's probation officer would have any information about Plaintiff's emotional distress or any cause of her emotional distress." (Doc. 185) at 2. Plaintiff further states that Defendant has the best evidence about Plaintiff's employment history from documents obtained with subpoenas and only speculates the probation officer may reveal additional relevant information. *Id.* Moreover, Plaintiff did not begin seeing

the probation officer until January 2023, at least six months after she was terminated in June 2022. *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017). Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding

inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

Rule 45 governs subpoenas issued to non-parties. Fed. R. Civ. P. 45; *see also Simon v. Taylor*, 2014 WL 6633917, at *14 (D. N.M.) (unpublished) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45."). A court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). *See Quarrie v. Wells*, 2020 WL 4934280, at *2 (D. N.M.) (unpublished) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); Fed. R. Civ. P. 45(d)(1) advisory committee note (explaining the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Thus, the Court must examine whether a request contained in a subpoena is overbroad or seeks irrelevant information under the same standards as set forth in Rule 26(b).

### III.    Analysis

The Court must first determine whether Plaintiff has standing to move to quash the subpoena served on her probation officer, a non-party. *See Public Service Co. of Okla. v. A Plus Inc.*, 2011 WL 691204, at *2 (W.D. Okla.) (unpublished) ("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted). A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege regarding the subject matter in the documents sought. *See id.*; *see also Murphy v. Schaible, Russo & Co., C.P.A's, LLP*, 2020 WL 12698695,

4

at *3 (D. Colo.) ("Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena.") (citation omitted).  Plaintiff here does not assert any specific privilege or privacy for her probation officer's testimony.  Accordingly, the Court finds that Plaintiff does not have standing to quash the subpoena issued to her probation officer.

Despite Plaintiff's lack of standing, the Court has inherent authority to address discovery issues contained in the subpoena.  *See* Fed. R Civ. P. 26(b)(2)(C)(iii) (providing a court "must limit the frequency or extent of discovery" if it determines that proposed discovery is outside the scope permitted by Rule 26(b)(1)); *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *2-3 (D. Wyo.) ("Courts within this Circuit have, however, utilized their inherent authority to address discovery issues including quashing or modifying Rule 45 subpoenas where a moving party does not have standing to challenge a subpoena issued to a nonparty."); *Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *3 (N.D. Okla.) ("In cases where a moving party lacks standing to challenge a third-party subpoena, a court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)."); *Griggs v. Vanguard Grp., Inc.*, 2019 WL 3058982, at *1 (W.D. Okla.) ("The Court can (and, here, does) issue a protective order to guard the [ ] nonparties from unnecessarily burdensome discovery regardless of whether Plaintiff, herself, has standing to assert specific objections to the subpoenas issued by Defendants."); 9A Wright & Miller, *Federal Practice and Procedure* § 2463.1 (3d ed.) ("Federal courts always have had the inherent power to protect persons subject to subpoena from undue burden.").

Defendant states it intends to depose Plaintiff's probation officer about "how Plaintiff has been doing during" the time she has been checking in with the probation officer, "what Plaintiff has been doing, whether Plaintiff has been telling her about any emotional distress she has been

experiencing and the cause of any such distress, Plaintiff's efforts to find employment, and any jobs she held while she was meeting with" the probation officer. (Doc. 167) at 2. Since Plaintiff did not begin meeting with her probation officer until January 2023—more than six months after she was no longer working for Defendant—the probation officer will be unable to testify about Plaintiff's emotional state or activities during the relevant time period. As for Plaintiff's efforts to mitigate her damages, Defendant fails to explain why the documents provided regarding Plaintiff's employment history are insufficient to make that determination. Because Defendant fails to state what specific relevant information the probation officer may have, and because the probation officer, at most, has information relating to Plaintiff well outside the relevant time period, the Court finds the probation officer's testimony is irrelevant and disproportionate to the needs of this case. The Court, therefore, exercises its inherent authority under Fed. R. Civ. P. 26 and grants Plaintiff's Motion to Quash.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash Subpoena to Probation Officer, (Doc. 147), is GRANTED.

    IT IS SO ORDERED.

                                                        KEVIN R. SWEAZEA
                                                        UNITED STATES MAGISTRATE JUDGE