IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NADEEN ALSAADI,

    Plaintiff,

v.   No. 2:23-cv-291 KG/KRS

SAULSBURY INDUSTRIES, INC.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO QUASH
UNTIMELY SUBPOENAS (Doc. 190)**

THIS MATTER is before the Court on Plaintiff's Motion to Quash Untimely Subpoenas, (Doc. 190), filed May 8, 2024. Defendant filed a response on May 22, 2024, and Plaintiff filed a Notice of Completion of Briefing on June 5, 2024. (Docs. 195, 208). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants Plaintiff's Motion to Quash Untimely Subpoenas, (Doc. 190).

    **I.**    **Background**

Plaintiff brings claims against Defendant for: (1) sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex and national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"); (3) race, ancestral, and ethnic discrimination in violation of 42 U.S.C. § 1981; (4) retaliatory discharge; (5) breach of implied contract; and (6) negligence. (Doc. 29) (Second Amended Complaint). Plaintiff alleges that during the time she worked for Defendant – from April 2022 to June 2022 – Defendant's employee, Anthony Hammons, discriminated against her and Defendant was negligent in its hiring, supervising, and retaining of Mr. Hammons. *Id.* at 1.

Plaintiff moves to quash a subpoenas issued on May 3, 2024 to American Muscle and Akebono America, Inc. (Doc. 190); (Doc. 190-1). The subpoenas require production of subpoenaed material by May 20, 2024, which is ten days after the discovery deadline. Plaintiff argues the subpoenas should be quashed because they were not issued in time to receive the responsive discovery prior to the discovery deadline. (Doc. 190) at 1-2. Defendant responds that Plaintiff does not have standing to challenge the subpoenas, and argues the subpoenas seek relevant information. (Doc. 195) at 1-3. Defendant further contends the subpoenas should not be considered untimely because the requested information "could have been made within the discovery deadline," and "there are other pending discovery issues still before the Court that has made it clear that discovery is not yet over." *Id.* at 3-4. Plaintiff did not file a reply to the Motion to Quash.

**II.     Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in

fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017). Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

Rule 45 governs subpoenas issued to non-parties.  Fed. R. Civ. P. 45; *see also Simon v. Taylor*, 2014 WL 6633917, at *14 (D. N.M.) (unpublished) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45.").  A court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A).  While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b).  *See Quarrie v. Wells*, 2020 WL 4934280, at *2 (D. N.M.) (unpublished) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); Fed. R. Civ. P. 45(d)(1)

advisory committee note (explaining the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").

### III.     Analysis

The Court must first determine whether Plaintiff has standing to move to quash the subpoenas served on non-parties American Muscle and Akebono America, Inc. *See Public Service Co. of Okla. v. A Plus Inc.*, 2011 WL 691204, at *2 (W.D. Okla.) (unpublished) ("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted). A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege regarding the subject matter in the documents sought. *See id.*; *see also Murphy v. Schaible, Russo & Co., C.P.A's, LLP*, 2020 WL 12698695, at *3 (D. Colo.) ("Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena.") (citation omitted). Plaintiff here does not assert a specific privilege or privacy in the information sought, other than stating that they were issued to "two of Plaintiff's former employers." (Doc. 190) at 2. Moreover, neither party provided the Court a copy of the attachment to the subpoenas which would show what information Defendants asked the entities to provide. Accordingly, the Court finds that Plaintiff has not established that she has standing to quash the subpoenas to these two businesses.

Despite Plaintiff's lack of standing, the Court has inherent authority to address discovery issues contained in the subpoenas. *See* Fed. R Civ. P. 26(b)(2)(C)(i)-(iii) (providing a court "must limit the frequency or extent of discovery" if it determines that proposed discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more

4

convenient, less burdensome, or less expensive," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)"); *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *2-3 (D. Wyo.) ("Courts within this Circuit have, however, utilized their inherent authority to address discovery issues including quashing or modifying Rule 45 subpoenas where a moving party does not have standing to challenge a subpoena issued to a nonparty."); *Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *3 (N.D. Okla.) ("In cases where a moving party lacks standing to challenge a third-party subpoena, a court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)."); *Griggs v. Vanguard Grp., Inc.*, 2019 WL 3058982, at *1 (W.D. Okla.) ("The Court can (and, here, does) issue a protective order to guard the [ ] nonparties from unnecessarily burdensome discovery regardless of whether Plaintiff, herself, has standing to assert specific objections to the subpoenas issued by Defendants."); 9A Wright & Miller, *Federal Practice and Procedure* § 2463.1 (3d ed.) ("Federal courts always have had the inherent power to protect persons subject to subpoena from undue burden.").

     The discovery deadline in this case expired on May 10, 2024.  *See* (Doc. 158) (Order Granting Joint Motion for Extension of Pretrial Deadlines).  The Court's Scheduling Order states: "Discovery must be completed on or before the termination of the discovery deadline.  A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline." (Doc. 17) at 2-3.  Defendant issued the subpoenas to American Muscle and Akebono America, Inc. on May 3, 2024, requiring production of documents by May 20, 2024—ten days after the end of the discovery period.

Defendant argues the subpoenas were not untimely because the entities could have responded within the discovery period, and because other pending discovery issues before the Court "has made it clear that discovery is not over." (Doc. 195) at 3. Pending discovery motions neither serve to extend the discovery deadline, nor do they excuse Defendant from complying with the Court's Scheduling Order. The fact that courts routinely set deadlines for discovery motions *after* the termination of discovery clearly demonstrates that pending discovery motions do not extend the discovery deadline. The fact that the subpoenaed parties "could have" responded within the discovery period is irrelevant. The Court's Scheduling Order is clear—discovery was required to be completed on or before the termination of the discovery deadline, and any written discovery request needed to be propounded in time to ensure that the response is due on or before the discovery deadline. (Doc. 17) at 2-3. For these reasons, the Court finds that the challenged subpoenas were untimely and grants Plaintiff's Motion to Quash. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995) ("Accordingly, we must affirm the district court's conclusion that the subpoena duces tecum sought untimely discovery of documents which should have been obtained through the normal discovery process within the discovery deadlines imposed by the court's scheduling order."); *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okla. 1995) ("[B]y setting a discovery deadline the Court intended to limit the time during which the parties could serve discovery requests or invoke the Court's subpoena power to obtain documents from third parties. If Defendant believed the information to be of importance to its case, it could have attempted to show good cause for modifying the deadlines. Defendant was not free, however, to issue subpoenas duces tecum after the discovery deadline."); *Murray v. Crawford*, 2009 WL 1600682, *1-2 (D. Colo.) (unpublished) (quashing

Rule 45 subpoena served one day after fact discovery deadline that required compliance three days after fact discovery deadline).

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash Untimely Subpoenas, (Doc. 190), is GRANTED and the subpoenas issued to American Muscle and Akebono America, Inc. are hereby QUASHED.

    IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE